1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

8
9
10

| | |
|---|---|
| **GRIZZLY GENERAL CONTRACTORS, CORP. (**dba GRIZZLY SEPTIC SERVICES**),** a Washington State Corporation; and **WILLIAM** and **STEPHANIE GONZALES,** Washington State Residents and a marital community; and **JOHN DOES AND JANE DOES 1-50,** | Case No. **3:24-CV-05583-BHS** |

11
12
13
14
15

**DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS**

Plaintiffs,

16

vs.

17

**Hearing Date: Friday, September 20, 2024**

18
19
20
21
22
23
24
25
26
27
28
29

KITSAP PUBLIC HEALTH DISTRICT, a Washington State accredited public health agency, **ONLINE RME, LLC,** a Washington and Oregon State Limited Liability Company, **E-ONSITE, LLC,** a Washington State Limited Liability Company, **ORENCO SYSTEMS, INC.,** an Oregon for Profit Corporation and co-owner of Online RME, LLC, **ERIC EVANS,** individually and his marital community, Washington State residents and co-owners of Online RME, LLC and E-Onsite, LLC, **EDWIN NORTH,** individually and his marital community, Washington State Residents and co-owners of Online RME, LLC and E-Onsite, LLC,

*Without Oral Argument*

30

**DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS** - Page 1

**MIKE HARMON**, individually and his marital community, Washington State residents and co-owners of Online RME, LLC, **HAROLD L. BALL**, individually and his marital community, Oregon residents and co-owner of Orenco Systems, Inc., and **JOHN DOES** and **JANE DOES 1-50**,

Defendants.

Defendants **KITSAP PUBLIC HEALTH DISTRICT ("KPHD"), ERIC EVANS**, and **EDWIN NORTH**, pursuant to Fed. R. Civ. P. 12(b)(6) move to dismiss Plaintiffs' *Petition for Declaratory Judgment, Injunctive Relief and Complaint for Damages* ("the Complaint") (ECF No. 1).

## I.    INTRODUCTION

It is difficult to parse what, specifically, the *Complaint* alleges against each defendant. However, underlying the complaint is an unsubstantiated assumption that the onsite sewage system maintenance fee KPHD charges to septic system owners, and requires maintenance service providers to collect and submit to KPHD with the required inspection report, somehow enriches the individually-named defendants who own the software company whose web-based application is used to collect the fee. As set forth below, not only are Plaintiffs wrong about the aforementioned fee, but they have also plead numerous causes of action that are either legally unsupportable, insufficiently plead, or both. For these reasons, Plaintiffs' *Complaint* should be dismissed.

DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS - Page 2

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 I F: (509) 455-3632

## II. Statutory & Regulatory Scheme Governing Onsite Sewage Systems in Washington and Kitsap County.[1]

RCW § 43.20.050 authorizes the state Board of Health to adopt rules governing on-site sewage systems. The comprehensive regulations adopted by the Board are found in WAC 246-272A, *et seq.*

Local health departments are required to enforce state public health statutes and the rules adopted by the Board. RCW § 70.05.060(1). Local health departments are themselves authorized, by statute, to enact local rules and regulations governing onsite sewage systems, RCW § 70.05.060(3), and to establish fee schedules for licenses, permits or other services. RCW § 70.05.060 (7).

Consistent with the forementioned statutes, KPHD, has adopted comprehensive regulations for onsite sewage system: Kitsap County Board of Health Ordinance 2008A-01: "Onsite Sewage System and General Sewage Sanitation Regulations."[2] The ordinance authorizes the health officer to adopt whatever rules, regulations, policies, and standards are deemed necessary, to maintain public health and sanitation and carry out the purpose and intent of the ordinance. § 2:C. The ordinance also authorizes the health

---

[1] Other than Policy No. 36, which they mischaracterize, Plaintiffs' Complaint is devoid of any discussion or reference to this statutory and regulatory scheme. Instead, Plaintiffs cite RCW 84.56.035 and assert, wrongly, that the statute requires that onsite sewage system fees can only be assessed and collected by a county treasurer. The statute is permissive not mandatory.

[2] The ordinance can be found on KPHD's website at https://kitsappublichealth.org/environment/regulations_policies.php. In addition to being a local jurisdictional law, the ordinance is a public record subject to judicial notice. *See* Section II.B., *infra*.

**DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS** - Page 3

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 | F: (509) 455-3632

officer to charge fees for the administration of the ordinance under the authority of chapters RCW 70.050.60 (7) and WAC 246-2A-005. *§2:E.*

Particularly germane here, the ordinance sets forth requirements for the use, monitoring, and maintenance of onsite sewage systems. *§13.* Under these regulations, only contractors certified by the health officer are allowed to modify, expand, repair, replace, enhance, rejuvenate, or treat an onsite sewage system. *§ 13:B.2; §17:A.1 and A.2.*

Tracking the requirements of WAC 246-272A-0270, the regulations require periodic, complete evaluations of onsite sewage systems, and the submission of a report to the health officer on forms or by the means designated by the health officer. The inspection and report are required at least once every three years for standard systems and at least once every year for alternative systems. *§ 13:C.15.* The regulation further requires the report be submitted, together with <u>all applicable fees</u>." *§ 16* (emphasis added). The ordinance contains a fee schedule, which fees are to "cover the costs and expenses of administering and enforcing these regulations." *§ 21.A.*

The regulations establish certification requirements for monitoring and maintenance service providers. See *§ 17.* A person must obtain an appropriate certification pursuant to the requirements of the regulations prior to providing any service to or upon an onsite sewage system, and it is unlawful for any person to engage

**DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS** - Page 4

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 | F: (509) 455-3632

in the business of onsite sewage system inspection, installation, etc., without possessing a valid certification or license… " § *17:A.2.*

In 2016, the Kitsap Board of Health adopted Policy 36, to "clarify the intent of Sections 13.C.16 and 13.G.10., in regard to the responsibility for payment of maintenance contract fees." ECF 1, Ex. 1. The policy states that fees collected by maintenance providers and paid to the health district are "passthrough fees," and that "[t]he maintenance service provider shall act as the owner's agent in collecting the contract fee and submitting it to the Health District through the OnlineRME system." *Id.*

### III.   LAW AND ARGUMENT

#### A.   <u>Standard for Dismissal</u>

Under Fed. R. Civ. P. 12(b)(6), dismissal of all or some of a plaintiff's claims is appropriate when the plaintiff "fail[s] to state a claim upon which relief can be granted." When considering a 12(b)(6) motion, the court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929, 949 (2007). Under the General Rules of Pleading set forth in Fed. R. Civ. P. 8, a pleading that states a claim for relief, like a complaint, must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atl.*

DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS - Page 5

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 | F: (509) 455-3632

*Corp. v. Twombly*, the U.S. Supreme Court clarified that the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. See also *Ashcroft v. Iqbal*, 556 U.S. 662, 678-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2008).

As set forth fully below, nearly all of Plaintiffs' causes of action are simply "threadbare recitals of the elements of the cause of action, supported by mere conclusory statements" *Twombly* at 555, *Iqbal* at 678. Moreover, several of the causes of action are legally unsupportable based on the allegations that can be ascertained from the *Complaint*.

**B.** **Plaintiffs' Complaint Does Not Allege Facts Sufficient to Show the Existence of Standing.**

To have standing, a plaintiff must have suffered an "injury-in-fact" that is "concrete and particularized", which is fairly traceable" to a defendant's challenged actions. *Lujn v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992). A plaintiff "must demonstrate standing for each claim he seeks to press." *Dainler Chrysler Corp. v. Cumo*, 547 U.S. 332, 352 (2006). Without the jurisdictional anchor of standing, a federal court cannot exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367 (c)(3). Minor inconvenience encountered in the use of a computer website is a de-minimis

DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS - Page 6

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 I F: (509) 455-3632

injury insufficient to establish standing. See *Caldwell v. Caldwell*, 545 F. 3d 1126 (9th Cir. 2008).

Plaintiffs allege that they, at times, have been "locked out" of the website through which maintenance providers submit reports and pay fees to KPHD. Plaintiffs have not, however, alleged facts showing they have sustained any economic injury as the result of this alleged lock out. Glaringly absent from the complaint is any allegation showing that the alleged lockout prevented Plaintiffs from providing services to clients. More specifically, because, as Policy No. 36 clarifies, maintenance contractors are expected to collect fees from onsite sewage system owners and pass those fees on to KPHD, Plaintiffs' complaint fails to allege facts showing that Plaintiffs have ever done anything other than charge system owners the KPHD fee, and pass that fee through to KPHD using the online portal.

In an apparent effort to show financial injury, Plaintiffs, in paragraph 6.18 of their Complaint, set forth hypothetical figures purportedly representing how Plaintiffs believe they should be compensated for collecting and then submitting the required fee to KPHD. But Plaintiffs' Complaint is devoid of any facts showing what work, time and money Plaintiffs are required to invest in collecting and submitting the disputed fee over and the time and effort required to submit the report itself. Likewise, Plaintiffs fail to allege facts showing that adding the fee to the bill they send their system-owner clients

**DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS** - Page 7

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 | F: (509) 455-3632

creates extra work or expense for Plaintiffs. Plaintiffs are required to invest time and effort to submit the required reports. But, if the ancillary fee submission exercise involves nothing more than the click of a computer mouse, that is the type of de-minimis "injury" that is insufficient to establish standing. See *Caldwell,* supra.

C.    **The License Agreement Between E-Onsite LLC and Kitsap County Health District Dispels Plaintiffs' Allegations of "Private Profit"**

Pursuant to Fed. R. Evid. 201, the Court may take judicial notice of a fact that is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

KPHD submits as *Exhibit A* to this motion the software license agreement ("Agreement") between E-Onsite, LLC., and KPHD. The Agreement is a public record subject to disclosure under the Washington Public Records Act (RCW § 42.56 *et seq.*), and subject to judicial notice. Indeed, Plaintiffs' Complaint specifically reserves the Agreement in connection with Plaintiffs' public records requests to KPHD. As such, submission of the contract does not convert this motion to a motion for summary judgment. "[U]nder Fed. R. Evid. 201, a court may take judicial notice of matters of public record." *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) (internal quotations omitted).

**DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS** - Page 8

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 | F: (509) 455-3632

The Agreement may also be considered by the Court pursuant to the incorporation by reference doctrine:[3] "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Plaintiffs' Complaint makes numerous references to public funds being collected for "private profit," to the extent that the allegation forms the basis of Plaintiffs' Complaint. Further, the *Complaint* literally references the *lack of* an existing contract between KPHD Defendants and the software company. ECF 1, ⁋ 6.8.

The Agreement shows that on November 6, 2006, E-Onsite LLC., and KPHD entered into a contract wherein the former granted the latter a perpetual, non-exclusive, limited license "for the sum of $0.00 (zero dollars)." As such, the existence of the contract and lack of any other contract, as admitted by Plaintiffs (ECF 1, ⁋ 6.8) constitutes a critical fact that defeats nearly all of Plaintiffs' claims, the critical point being that KPHD pays no fee whatsoever for the use of the E-Onsite software that is used by contractors to pay administrative fees to KPHD.

---

[3] "Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

**DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS** - Page 9

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 | F: (509) 455-3632

**D.**   **Plaintiffs' Claim for Violation of the RICO Act (18 U.S.C. § 1961) Fails as a Matter of Law**

First, and fundamentally, Plaintiffs' RICO claim against KPHD fails as a matter of law because a civil RICO claim may not be brought against a governmental entity. See *Abcarian v. Levine*, 972 F. 3d 1019 (9th Cir. 2020); *Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F. 2d 397, 404 (9th Cir. 1991).

As an additional threshold matter, a civil RICO claim requires conduct on the part of the defendant that has some impact or effect on interstate commerce. Here, while Plaintiffs allege that, on information and belief, use of the subject online portal "requires online payments be made by Washington State septic inspectors to be remitted across state lines…" (*Plaintiffs' Complaint, paragraph 6.24)*, that is insufficient under *Iqbal* and *Twombly*. There are no facts alleged to show that fees are "remitted across state lines".

In addition, Plaintiffs allege Eric Evans has "engaged in knowingly culpable conduct with the requisite intent to defraud and profit" because of the manner in which the E-Onsite software is used for the payment of fees to KPHD. But to survive a motion to dismiss, it is not enough to simply allege fraud or fraudulent intent. Rather, if a RICO claim alleges fraud, the particularity requirement of Fed R. Civ. P. 9(b) applies, and to meet the particularity requirement, "[a]verments of fraud must be accompanied by 'the who, what, when, where and how's of the misconduct charged." *Bes v. Ciba-Geigy Corp., U.S.A.*, 317 F. 3d 1097, 1106 (9th Cir. 2003). Courts have held that rule 9(b) applies to civil

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 | F: (509) 455-3632

RICO claims. See *Odon v. Microsoft Corp.*, 486 F. 3d 541, 553-54 (9th Cir. 2007). Here, Plaintiffs' factual allegations do not include the who, what, where, when and how of the fraud charge against Eric Evans. Accordingly, Plaintiffs' RICO claim against Mr. Evans must be dismissed.

Moreover, Plaintiffs have failed to adequately allege the existence of an enterprise. Plaintiffs have alleged racketeering activity. However, if alleged racketeering activity is the only apparent connection between the defendants, that is insufficient to establish an enterprise. *Williams v. PRK Funding Servs.*, 2018 U.S. Dist. LEXIS 112780 (W.D. Wash. 2018) at *5. The only commonality among Defendants, according to Plaintiffs' Complaint, is the use of the E-Onsite software as a portal for the payment of fees to KPHD. That is insufficient to establish an enterprise.

Plaintiffs allege that "Defendants committed multiple related acts of embezzling public funds for private profit," which, according to Plaintiffs, qualifies as racketeering activity under RICO. *Complaint*, ¶¶ 7.1-7.2."Racketeering activity", however, is not a nebulous term of art. It is defined in 18 U.S.C. § 1961(a) as a violation of one of 60+ federal criminal statutes. Plaintiffs fail to allege which statute was violated, and the facts they have plead do not support the allegation of embezzlement. In fact, the term "embezzle" appears only once in the Complaint, in Paragraph 7.2, where Plaintiffs baldly allege that "Defendants committed multiple related acts of embezzling public funds for private

**DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS** - Page 11

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 I F: (509) 455-3632

profit." There is no allegation concerning which defendants engaged in this activity, when they did so, or how they did so. Instead, the allegation constitutes "threadbare recitals of the elements of the cause of action, supported by mere conclusory statements."

Furthermore, an individual bringing a civil RICO action must be "injured in his business or property by reason of a violation of section 1962 of this chapter." Plaintiffs baldly alleged they "have been injured in the business and property," but do not allege any facts supporting the same.

In short, this claim is subject to dismissal under Fed. R. Civ. P. 12(b)(6) because 1) it fails to meet the pleading standard set forth in *Twombly* and *Iqbal* as it relates to both liability, damages and the jurisdictional requirement of an effect on interstate commerce, 2) the facts alleged do not allege a violation of one of the criminal statutes covered by RICO, and 3) Plaintiffs fail to allege facts showing that they have been damaged in anyway by the policy and practices of Defendants.

**E.** **Notwithstanding the Above, any Civil RICO Claim Based on Conduct that Occurred Before 7/18/2020, is Barred by the Statute of Limitations**

The statute of limitations for a civil RICO claim is four years. *Parker v. Barlow,* 2024 U.S. APP. LEXIS 16274 (9th Cir. 2024). Plaintiffs' Complaint was filed on 7/18/2024. Thus, any civil RICO claim based on conduct of any of the Defendants that occurred before 7/18/2020, is barred by the statute of limitations.

DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS - Page 12

**F.** **Plaintiffs' 42 U.S.C. § 1983 Claim for a Violation of their Constitutional Rights Fails the _Twombly/Iqbal_ Pleading Standard**

Plaintiffs allege, in a conclusory fashion, that Defendants, "while acting under color of law, violated 42 U.S.C. §1983" and that Defendants "without due process of law, have deprived Plaintiffs of their liberty and property right in violation of their Fourth, Fifth and Fourteenth Amendment due process rights." _Plaintiffs' Complaint, paragraph 7.12 and 7.13._ While Defendants, because they are either a government entity or, in the case of Evans and North, government entity employees, may have been acting under the color of state law, Plaintiffs have alleged no facts demonstrating where, when, and how these Defendants deprived Plaintiffs of their liberty and property rights in violation of the Fourth, Fifth and Fourteenth Amendments. Plaintiffs appear to be alleging that, KPHD's denial of their claim for damages was a deprivation of due process. _Complaint, paragraph 7.10._ But there is no requirement that a local government entity make any sort of "administrative disposition" of an RCW 4.96.020 statutory notice of claim.

**G.** **Notwithstanding the Above, any 42 U.S.C. §1983 Claim Based on Conduct that Occurred Before 7/18/2021 is Barred by the Statute of Limitations.**

Section 1983 claims are governed by the state statute of limitations for personal injury claims. _Parker v. Barlow,_ supra, citing _Bonelli v. Grand Canyon Univ.,_ 28 F. 4th 948, 951 (9th Cir. 2022). In Washington, the statute of limitations for personal injury claims is three years. RCW 4.16.080(2). Plaintiff's Complaint was filed on 7/18/24. Thus, any § 1983

DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS - Page 13

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 | F: (509) 455-3632

1
2
3

claim based on conduct of KPHD, Evans or North that occurred before 7/18/21 is barred by the statute of limitations.

4
5

**H.** **Plaintiffs' 42 U.S.C. § 1983 Claims Against Eric Evans and Edwin North Must be Dismissed Because Both Individual Defendants Enjoy Qualified Immunity.**

6
7
8
9
10
11

Qualified immunity shields government actors from civil damages for alleged constitutional violations unless the conduct violates "clearly established statutory or constitutional rights in which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 565 (2009). For a right to be clearly

12
13
14
15
16
17

established, at the time of the challenged conduct the contours of a right must be sufficiently clear that every reasonable official would have understood what he was doing violates that right, and existing precedent "must have placed the statutory or constitutional question beyond debate." *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011).

18
19
20
21
22
23
24

Here, Plaintiffs' Complaint does not allege facts showing that Evans or North violated a constitutional right of Plaintiffs which, at the time of the conduct, was clearly established such that a reasonable official would have understood they were violating Plaintiffs' constitutional rights.

25
26
27
28
29
30

**DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS** - Page 14

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 | F: (509) 455-3632

## I. Plaintiffs' Claim for Violation of the U.S. Trafficking Victims Protection Reauthorization Act of 2008 (18 U.S.C. § 1595(a)) Fails as a Matter of Law

Under 18 U.S.C. § 1595(a), a "victim of a violation of this chapter [18 U.S.C. §§ 1581 *et seq.*] may bring a civil action against the perpetrator . . . in an appropriate district court of the United States and may recover damages and reasonable attorney's fees."

Plaintiffs seem to be alleging that KPHD's requirement that maintenance contractors collect and pay the subject fee through the online portal constitutes a violation of 18 U.S.C. §1589. The only conceivable subsection of the statute that might apply is (a)(3), which prohibits a defendant from obtaining the labor or services of a person "by means of the abuse or threatened abuse of law or legal process …" However, 18 U.S.C. §1589(c)(1) defines "abuse of threatened abuse of law or legal process" as:

> [T]he use or threatened use of a law or legal process, whether administrative, civil or criminal, in any manner or for any purpose for which the law is not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.

There is no allegation that any Defendant threatened the use of any law or legal process for a purpose other than that for which the law was designed. Moreover, this statute contemplates forced labor or services. If a plaintiff is free to leave, or not participate in a program involving the plaintiff's labor or services, there can be no viable claim under the statute. See *Taylor v. Salvation Army National Corp.*, 2024 US App. LEXIS

**DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS** - Page 15

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 | F: (509) 455-3632

17744 (7th Cir. 2024) (participants in Salvation Army work program not forced or compelled to provide labor because participants were always free to leave the program). Here, there was no legal requirement that Plaintiffs participate in the KPHD sewage maintenance program as certified contractors. If they do choose to be maintenance contractors, however, they are required to follow KPHD's requirements, including those relating to the collection and submission of fees.

**J.** **Notwithstanding the Above, Any TVPRA Claim based on Conduct of Any of the Defendants Occurring before 7/18/2014 is Barred by the Statute of Limitations**

A civil action under the TVPRA must be brought no later than 10 years after the cause of action arose. 18 U.S.C. §1595(c)(1). Here, because this case was filed on July 18, 2024, any TVPRA claim based on conduct of any of the Defendants that occurred before 7/18/2014 is barred by the statute of limitations.

**K.** **Plaintiffs' Claim for Violation of Washington's Criminal Profiteering Act (RCW § 9A.82) Fails as a Matter of Law**

Plaintiffs allege the individually named defendants violated RCW § 9A.82.045 by collecting an unlawful debt, violated RCW § 9A.82.060 by leading organized crime, and violated RCW § 9A.080 by investing proceeds from a criminal profiteering activity.

RCW § 9A.82.045 simply states, "It is unlawful for any person knowingly to collect any unlawful debt," and that doing so is a class C felony. "Unlawful debt" is defined as "any money or other thing of value" constituting a debt that was unlawfully

DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS - Page 16

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 | F: (509) 455-3632

incurred as a result of horse racing, gambling, or arises from a loan where the interest rate is at least twice the permitted rate allowed under state or federal laws relating to usury.

There are no facts set forth in the Complaint supporting this cause of action and it should be dismissed.

Under RCW § 9A.82.060, a person commits the offense of "leading organized crime" if the person organizes, manages, directs, supervises or finances "three or more persons with the intent to engage in a pattern of criminal profiteering activity," or incites violence or intimidation "to further or promote the accomplishment of a pattern of criminal profiteering." RCW § 9A.82.060(1)(a)-(b).

"Criminal profiteering," like "racketeering activity" under RICO, is not open to interpretation. It is one of 46 crimes enumerated under RCW § 9A.82.010(4). The Complaint does not allege any facts alleging the individually named defendants committed any of the 46 enumerated crimes.

Further, there are no allegations in the Complaint that any of the individual defendants directed three others to engage in such criminal behavior, or that they incited violence or intimidation in their criminal profiteering enterprise. Accordingly, this claim fails as a matter of law.

**DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS** - Page 17

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 | F: (509) 455-3632

Lastly, RCW § 9A.82.080(1)(a) prohibits a person from using proceeds from criminal profiteering to invest in real property or the operation of an enterprise. It also prohibits a person from acquiring or maintaining an interest in an enterprise through criminal profiteering activity.

As stated above, there are no facts set forth in the Complaint showing that one of the 46 enumerated crimes considered "criminal profiteering".

**L.**     **KPHD is Immune From Plaintiffs' Claim for Violation of the Washington State Consumer Protection Act**

The Complaint alleges that Defendants have made false and misleading statements to Washington consumers. ¶ 7.22. The Complaint fails to specify what those statements were and instead makes blanket conclusory statements about public funds being used for private profit. ¶¶ 6.26, 6.29. As such this cause of action fails under *Twombly* and *Iqbal*'s pleading standards.

Further, this claim fails because government entities like KPHD are immune from suit under RCW § 19.86.170, because they are regulating bodies that act according to statutory authority.

**M.**     **Notwithstanding the Above, Any Consumer Protection Act Claim Based on Conduct of Any of the Defendants that Occurred Before 7/18/2020, is Barred by the Statute of Limitations**

The statute of limitations for a consumer protection act claim is four years. *Khalid v. Microsoft*, 2020 WN. APP. LEXIS 2669. Here, because Plaintiffs' Complaint was filed

DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS - Page 18

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 I F: (509) 455-3632

on 7/18/2024, any consumer protection act claim based on conduct of any of the Defendants that occurred before 7/18/2020 is barred by the statute of limitations.

**N.** **Plaintiffs' Claim for Intentional Interference with Prospective Economic Advantage Inducing Breach of Contract is not Sufficiently Plead and Must be Dismissed**

There are four elements to a claim for tortious interference with a prospective economic advantage: "(1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *Pleas v. Seattle*, 112 Wn.2d 794, 800, 774 P.2d 1158, 1161 (1989); *see also Anderson v. Lockheed Martin Info. Tech.*, No. 56790-0-I, 2007 Wash. App. LEXIS 441, at *12 (Ct. App. Mar. 12, 2007).

Under *Twombly* and *Iqbal*, this claim must be dismissed. It simply is not clear based on the allegations in the *Complaint* what contracts or business expectancy existed, how KPHD knew of the same, and how KPHD "interfered" with the same. Plaintiffs fail to identify any contracts that were affected by KPHD's actions (whatever those actions were) but instead they offer a speculative statement that "[o]n information and belief . . . [Defendants] caused the termination of numerous contractual relationships."

DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS - Page 19

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 | F: (509) 455-3632

This is the epitome of "threadbare recitals of the elements of the cause of action, supported by mere conclusory statements" insufficient under *Twombly* and *Iqbal*.

**O.**   **Notwithstanding the Above, Any Claim for Intentional Interference with Prospective Economic Advantage Based on Conduct Occurring Before 7/18/2021 is Barred by the Statute of Limitations**

A common law claim for tortious interference with a business expectancy or economic advantage is three years. RCW 4.16.080(3); *City of Seattle v. Blume*, 134 Wn. 2d 243, 251, 947 P.2d 223 (1993). Here, any claim for intentional interference with prospective economic advantage/business expectancy based on conduct occurring before 7/18/2021 is barred by the statute of limitations.

**P.**   **Plaintiffs' Claim for Fraudulent Misrepresentation is not Sufficiently Plead and Fails as a Matter of Law**

There are nine elements to a fraud claim: "(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff." *Stiley v. Block*, 130 Wn.2d 486, 505, 925 P.2d 194, 204 (1996). Each element must be established by clear, cogent, and convincing evidence. *Id*.

Under Fed. R. Civ. P. 9(b), when making an allegation of fraud, "a party must state with particularity the circumstances constituting fraud or mistake." The Ninth

DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS - Page 20

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 | F: (509) 455-3632

Circuit has found that the heightened pleading requirements of *Iqbal* apply to Fed. R. Civ. P. 9 and fraud claims. *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1055 (9th Cir. 2011); *Eclectic Props. E., Ltd. Liab. Co. v. Marcus & Millichap Co.*, 751 F.3d 990, 995 n.5 (9th Cir. 2014).

There is no clear factual assertion that any Defendant made a representation to Plaintiffs beyond the bald assertion that "[d]efendants are using public agencies to impose contractual fees for private profit." *Complaint,* ¶ 6.21. This is simply not true as evidenced by *Exhibit A.*

Plaintiffs' fraudulent misrepresentation claim must be dismissed because Plaintiffs have not alleged facts demonstrating the nine elements of fraud. A claim of fraudulent misrepresentation must meet the heightened pleading standard of CR 9(b). That requires the plaintiff to plead the nine elements of fraud and the factual circumstances constituting the fraud. *Landstar Inway, Inc., v. Sammow,* 181 Wn. App. 189, 124 (2014). Here, Plaintiffs' Complaint does not address the nine elements of fraud or set forth the factual circumstances demonstrating each of the nine elements, particularized to each Defendant. Accordingly, Plaintiffs' fraudulent misrepresentation claim must be dismissed.

**DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS** - Page 21

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 | F: (509) 455-3632

**Q.** **Notwithstanding the Above, Any Fraudulent Misrepresentation Claim Based on Conduct Occurring Before 7/18/2021 is Barred by the Statute of Limitations**

The statute of limitations for a fraud claim is four years. RCW 4.16.080(4). Here, any fraudulent misrepresentation based on conduct of any of the Defendants occurring before 7/18/2021 is barred by the statute of limitations.

**R.** **Plaintiffs' State Law Claims Against Eric Evans and Edwin North are Barred by State Common Law Qualified Immunity**

A state official has common law immunity from the state law tort claims if the officials conduct meets a three-part test: (1) official is carrying out a statutory duty, (2) according to the procedures dictated by statute and superiors, and (3) they act reasonably. *Guffy v. State*, 103 Wn. 2d 144, 152, 690 P.2d 1163 (1984).

Here, to the extent Eric Evans and Edwin North had any involvement at all in the adoption and implantation of KPHD's regulatory scheme for onsite sewage system inspections, particularly regulations relating to the collection and submission of fees through KPHD, including Policy No. 36, and the use of the OnlineRME Software for the collection and submission of fees, they were simply carrying out the duties and obligations imposed by ordinance according to policies and procedures dictated by KPHD, and there are no facts demonstrating that Evans or North acted unreasonably in this regard.

DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS - Page 22

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 | F: (509) 455-3632

## IV.    CONCLUSION

For the reasons set forth above, Defendants KPHD, Evans and North respectfully

request that their motion to dismiss be granted.

**DATED** this ___27___ day of August, 2024.

**EVANS, CRAVEN & LACKIE, P.S.**

_____

**CHRISTOPHER J. KERLEY, WSBA #16489**
*Attorneys for Defendants Kitsap Public Health District,*
*Eric Evans, and Edwin North.*
818 W. Riverside, Suite #250, Spokane, WA  99201
P: (509) 455-5200 | F: (509) 455-3632

DEFENDANTS    KITSAP    PUBLIC    HEALTH
DISTRICT, ERIC EVANS, AND EDWIN NORTH'S
MOTION TO DISMISS - Page 23

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 | F: (509) 455-3632

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of August, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

_____

Chyanne C. Isom | Legal Assistant

**DEFENDANTS KITSAP PUBLIC HEALTH DISTRICT, ERIC EVANS, AND EDWIN NORTH'S MOTION TO DISMISS** - Page 24

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite #250
Spokane, WA 99201-0910
P: (509) 455-5200 | F: (509) 455-3632

# EXHIBIT A

eOnsite L.L.C. / Kitsap County Health District
# SOFTWARE LICENSE AGREEMENT

Original ___2___ of Two

This Software License Agreement ("Agreement") is made and effective this November 6, 2006 by and between eOnsite L.L.C. ("Developer") and Kitsap County Health District ("Licensee").

Developer has developed and licenses to Licensee any part or portions of its software program, currently marketed under the name **eOnsite.NET** (the "Software"). "Software" shall mean the computer programs in machine readable object code form.

NOW, THEREFORE, in consideration of the mutual promises set forth herein, Developer and Licensee agree as follows:

## 1. License
Developer hereby grants to Licensee a perpetual, non-exclusive, limited license to use the Software as set forth in this Agreement.

## 3. Restrictions
Licensee shall not license or sublicense the Software, or transfer or convey the Software or any right in the Software to anyone else without the prior written consent of Developer.

## 4. Fee
In consideration for the grant of the license and the use of the Software, Developer agrees to give the Licensee a perpetual use license for the sum of $0.00 (zero dollars).

## 5. No Warranty
Because the software is licensed free of charge, there is no warranty for the software, to the extent permitted by applicable law. Except when otherwise stated in writing the copyright holders and/or other parties provide the program "as is" without warranty of any kind, either expressed or implied, including, but not limited to, the implied warranties of merchantability and fitness for a particular purpose. The entire risk as to the quality and performance of the program is with Licensee. Should the software prove defective, licensee assumes the cost of all necessary servicing, repair or correction.

## 6. Limitation of Liability
Developer shall not be responsible for, and shall not pay, any amount of damages including any general, special incidental or consequential damages arising out of the use or inability to use the software (including but not limited to loss of data or data being rendered inaccurate or losses sustained by Licensee or third parties or a failure of the program to operate with any other programs), whether based on lost revenue or otherwise, even if Licensee or other party has been advised of the possibility of such damages unless required by applicable law or agreed to in writing herein. In no event shall Developer's liability hereunder exceed the amount of license fees paid by Licensee, regardless of whether Licensee's claim is based on contract, tort, strict liability, and product liability or otherwise.

## 7. Notice
Any notice required by this Agreement or given in connection with it, shall be in writing and shall be given to the appropriate party by personal delivery or by certified mail, postage prepaid, or recognized overnight delivery services.

    If to Developer:
        eOnsite L.L.C.
        5854 SW Reese Ln
        Port Orchard, WA 98367

    If to Licensee:
        Kitsap County Health District
        345 6th Street, Suite 300
        Bremerton, WA 98337

8. Governing Law
This Agreement shall be construed and enforced in accordance with the laws of the state of Washington.

9. No Assignment
Neither this Agreement nor any interest in this Agreement may be assigned by Licensee.

10. Final Agreement
This Agreement terminates and supersedes all prior understandings or agreements on the subject matter hereof. This Agreement may be modified only by a further writing that is duly executed by both parties.

11. Severability
If any term of this Agreement is held by a court of competent jurisdiction to be invalid or unenforceable, then this Agreement, including all of the remaining terms, will remain in full force and effect as if such invalid or unenforceable term had never been included.

12. Headings
Headings used in this Agreement are provided for convenience only and shall not be used to construe meaning or intent.

IN WITNESS WHEREOF, Developer and Licensee have executed this Software License Agreement on the day and year first above written.

_____
Eric Evans, President/CEO
[eOnsite L.L.C. Representative]

_____
[Kitsap County Health District Representative]

_____
[eOnsite L.L.C. Signature]

_____
[Kitsap County Health District Signature]