UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| **GRIZZLY GENERAL CONTRACTORS, CORP.** (dba GRIZZLY SEPTIC SERVICES)**,** a Washington State Corporation; and **WILLIAM** and **STEPHANIE GONZALES,** Washington State Residents and a marital community; and **JOHN DOES AND JANE DOES 1-50,**<br><br>Plaintiffs,<br><br>v.<br><br>**KITSAP PUBLIC HEALTH DISTRICT**, a Washington State accredited public health agency, **ONLINERME, LLC,** a Washington and Oregon State Limited Liability Company, **EONSITE, LLC,** a Washington State Limited Liability Company, **ORENCO SYSTEMS, INC.,** an Oregon for Profit Corporation and co-owner of OnlineRME, LLC, **ERIC EVANS,** individually and his marital community, Washington State residents and co-owners of OnlineRME, LLC and eOnsite, LLC, **EDWIN NORTH,** individually and his marital community, Washington State Residents and co-owners of OnlineRME, LLC and eOnsite, LLC, **MIKE HARMON,** individually and his marital community, Washington State residents and co-owners of OnlineRME, LLC, **HAROLD L. BALL,** individually and his marital community, Oregon | Case No. 3:24-cv-05583 BHS<br><br>**MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN**<br><br>**NOTED FOR CONSIDERATION: September 24, 2024** |

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

residents and co-owner of Orenco Systems, Inc., and **JOHN DOES** and **JANE DOES 1-50,**
Defendants.

## I. IDENTIFICATION OF MOVING PARTIES

This motion is brought by five defendants: eOnsite, LLC, OnlineRME, LLC, Eric Evans, Edwin North, and Michael Harman ("the Moving Defendants"). Contemporaneously with this motion, the law firm of Evans, Craven & Lackie, will be filing a motion to dismiss on behalf of the Kitsap Public Health District ("the Health District"), Eric Evans, and Edwin North. Mr. Evans and Mr. North are both public employees. The Health District's Motion will address any claims alleged against Mr. Evans and Mr. North in their public capacities, while this Motion will address those claims made against them in their private capacities.

## II. INTRODUCTION

The gist of the Complaint is that the Health District illegally forces Plaintiff Grizzly General Contractors, Corp., a licensed septic system inspector, to collect septic system maintenance contract fees from its customers and then, when Grizzly submits those fees online through OnlineRME, the Moving Defendants illegally keep the fees for themselves instead of forwarding them to the Health District. The Complaint relies upon several exhibits, including Health District Policy 36, a statute, and records of fees submitted through OnlineRME. Those documents demonstrate that the allegations in the Complaint are not just implausible, but plainly wrong. The problems with the Complaint do not end there. Plaintiffs purport to sue on behalf of a class of consumers of which they are not members. It alleges Plaintiffs have been damaged, but the only loss the Complaint identifies is the Health District's alleged loss of contract fees. It brings time-barred claims for losses Plaintiffs allegedly sustained over a decade ago. It alleges intentional interference with contracts with customers, but does not allege how any customer was induced to terminate a contract. And it alleges fraudulent misrepresentation without even attempting to allege each element of a fraud

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

claim. In short, the Complaint falls far short of the pleading standard in this Court and should be dismissed with prejudice.

### III. FACTS[1]

This Motion will assume that the Court is familiar with the Complaint and will not repeat the allegations in the Complaint at length. This facts section will focus on the portions of the Complaint that are internally inconsistent in significant ways. The argument section below will reference additional portions of the Complaint as necessary.

**A.     RCW 84.56.035 does not mandate that contract fees be collected by the county treasurer.**

Plaintiffs allege that Defendants are violating RCW 84.56.035 by having a private party collect contract fees for septic system inspections because the statute says those fees *must* be collected by a county treasurer. Dkt. 1 at p. 4, l. 21-22 (left side of the page); ¶ 6.6 (citing Dkt. 1-1, Ex 9, RCW 84.56.035).

There is at least one instance in the Revised Code of Washington in which the legislature reserved some duties on a mandatory basis for county treasurers. See RCW 15.09.135 (assessments imposed by the horticultural pest and disease board "shall" be collected by the county treasurer). But in the case of RCW 84.56.035, the legislature used *permissive* language. A local government authorized to collect any charges "*may* contract with the county treasurer…to collect the…charges." RCW 84.56.035 (emphasis added). Additionally, RCW 70.05.190 echoes this permissive language. It says that a local board of health in the twelve counties bordering Puget Sound, when implementing an on-site sewage

---

[1] The Facts relevant to this motion are the allegations in the Complaint, which are treated as true for purposes of this motion. Defendants reserve the right to contest and deny those allegations. In addition to the allegations in the Complaint, this Court may take judicial notice of matters of public record without converting this motion to a Rule 56 motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2011).

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

program management plan, "may" impose and collect reasonable charges to pay for the costs of the program and "may" contract with the county treasurer to collect the changes in accordance with RCW 84.56.035.

**B.     Exhibits 1 and 16 demonstrate that the Health District is collecting the contract fees, not the Moving Defendants.**

Plaintiffs allege that the Moving Defendants are embezzling public funds because when contract fees for septic system inspections are submitted through OnlineRME, Moving Defendants keeps those fees. Dkt. 1 at p. 2:28-3:1; ¶ 6.6; ¶ 6.21. This allegation is contradicted by Policy 36, the very document the Complaint relies upon, which says that contract fees are submitted "*to the Health District* through OnlineRME." Dkt. 1-1, Ex. 1. Even the Complaint recognizes that the fees are submitted "*to the Health District* through the OnlineRME system." Dkt. 1 ¶ 6.15.

The Complaint also attaches Exhibit 16, which it characterizes as a record of the occasions when Grizzly was damaged by Moving Defendants keeping septic system owners' maintenance contract fees. Dkt. 1 ¶ 7.32. Exhibit 16, is a record of contract fee payments that says the "entity collecting" the fees is "Kitsap Public Health District." Dkt. 1-1, Ex. 16.[2]

**C.     Policy 36 does nothing more than clarify an Ordinance that directs licensed septic inspectors to submit fees to the Health Officer.**

Ex. 1 to the Complaint is the Health District's "Policy 36." Policy 36 says it is meant to clarify Sections "13.C.16" and "13.G.10." These are references to Kitsap County Board of Health Ordinance 2008A-01. Section 13.C of Health Ordinance 2008A-01 says that an owner of a septic system shall

---

[2] Following the dozens and dozens of entries for fees collected by the Health District, there are four entries at the end of the exhibit from the year 2010 that show $50.00 being collected by Tacoma-Pierce County Health Department, along with $1.99 or $3.98 being collected by eOnsite. There are no allegations related to Tacoma-Peirce County HD fees in the Complaint, so these few entries are irrelevant to this lawsuit.

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

> 16. Ensure the submittal of monitoring and maintenance reports to the Health Officer, through Health Officer designated forms or systems, as needed to conform to these regulations, including applicable fees.[3]

Section 13.G discusses the responsibility of licensed septic inspects ("Maintenance Service Providers"). It says inspectors shall;

> 10. Submit applicable fees to the Health Officer within 30 days of invoice unless other arrangements are approved by the Health Officer.

Policy 36 clarifies that Sections 13.C and 13.G intend for owners of septic systems to be responsible for paying contract fees to the Health District and for licensed septic inspectors to act as the owner's agent in collecting the fees and submitting them to the Health District through OnlineRME. Dkt. 1-1, Ex. 1.

## IV. ARGUMENT AND AUTHORITIES

The Health District's system is straightforward. Property owners are required to submit "monitoring and maintenance reports" to the Health District and are required to submit contract fees to the Health District in connection with those reports. *See* Section II of the Health District's Motion to Dismiss for more detail. The reports are prepared by licensed septic inspectors. *Id*. So, when the inspector prepares an inspection, the Health District has the inspector collect the associated contract fee and submit it. *Id*. and Dkt 1-1, Ex. 1. The Health District has an online fee portal that facilitates its collection of the fees, through OnlineRME. Dkt. 1-1, Ex. 1. The Health District does not pay any licensing fees to any Moving Defendant in order to use OnlineRME. See Exhibit A to the Health District's Motion to Dismiss (the publicly available software license agreement between eOnsite and the Health District).

---

[3] The ordinance can be found on the Health District's website at https://kitsappublichealth.org/environment/regulations_policies.php. It is subject to judicial notice as a local law and a public record.

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 5

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

The Plaintiffs' allegations that this simple system involves violation of human trafficking, racketeering, and other laws are contradicted by the documents before the Court and are too fanciful to survive a motion under Fed. R. Civ. P. 12(b)(6).

**A.   A Complaint must state a plausible claim.**

Under Federal Rule of Civil Procedure 12(b)(6), this Court may dismiss a Complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) exists to weed out unmeritorious complaints. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S. Ct. 1955 (2007). Fed. R. Civ. P. 8(a) "demand[s] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A claim has "facial plausibility" when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A complaint must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. *Iqbal*, 556 U.S. at 678–79. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint will not suffice "if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 667 (citing *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). Nor is it enough that the complaint is "factually neutral," rather it must be "factually suggestive." *Twombly*, 550 U.S. at 557 n. 5.

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 557 (quotations omitted); *see also Somers v. Apple, Inc.*, 729 F.3d 953, 966 (9th Cir. 2013) (Supreme Court's insistence in *Twombly* "on specificity of facts is warranted before permitting a case to proceed into costly and protracted discovery").

**B. The Complaint does not state a claim upon which relief can be granted under RICO (Count I).**

**1. Elements of a RICO claim**

"The elements of a civil RICO claim are simple enough: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (citing 18 U.S.C. §§ 1964(c), 1962(c); *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 3284–85, 87 L.Ed.2d 346 (1985). Additionally, "[e]ach of RICO's substantive prohibitions requires proof of an enterprise that is 'engaged in, or the activities of which affect, interstate or foreign commerce.'" *RJR Nabisco v. European Cmty.*, 579 U.S. 325, 344, 136 S. Ct. 2090, 2105, 195 L. Ed. 2d 476 (2016)(citing §§ 1962(a), (b), (c)).

**2. The Complaint does not adequately allege the existence of an enterprise.**

Moving Defendants adopt without repeating the arguments in Section III(D) of the Health District's motion on this point.

**3. The Complaint does not allege any conduct that qualifies as a predicate act of racketeering.**

"Racketeering" has a long definition that encompasses many types of acts, but it is not open-ended. 18 U.S.C. § 1961(1). Instead, the definition lists a number of specific statutes, the violation of which could be a predicate act of racketeering. Most of the possible predicate acts are obviously unconnected to the allegations in this matter (for instance, they deal with illegal gambling, terrorism, etc.).

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 7

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

### a. The statutes cited in the Complaint are not mentioned in the definition of racketeering.

The statutes that the Complaint alleges Defendants have violated include RCW 42.20.070, 18 U.S.C. § 641, 653, and 666. Dkt. 1 ¶ 6.21. Violations of those statutes are not predicate acts under 18 U.S.C. § 1961(1).

### b. The acts alleged in the Complaint are not qualifying predicate acts.

The Complaint alleges that Defendants have engaged in a pattern of racketeering because they have "collect[ed] public funds for private profit and impos[ed] illicit labor." Dkt. 1 ¶ 6.26, see also 7.2 ("Defendants committed multiple related acts of embezzling public funds for private profit"). The Complaint does not say which predicate statute those alleged acts allegedly violate.

#### (1) The allegation of collection of public funds does not sufficiently allege a predicate act.

The definition of racketeering does not include a statute that targets "collecting public funds for private profit." Racketeering includes embezzlement from pension and welfare funds under 18 U.S.C. § 664, and unlawful welfare payments under 18 U.S.C. § 1954, but neither of those actions is alleged in the Complaint, and those are the closest that the definition of "racketeering" comes to the conduct alleged in this case.

Additionally, the allegation of "embezzlement" does not meet the plausibility threshold. Plaintiffs' allegation is that Policy 36 demands that septic inspectors collect the Maintenance Contract Fee and then pay it "directly to…OnlineRME." Dkt. 1 ¶ 6.6. The language of Policy 36 itself disproves this allegation. It says property owners "are responsible to pay for contract fees *to the Health District*." It then says the maintenance service provider shall "act as *owner's* agent in collecting the contract fee and submitting it *to the Health District* through the OnlineRME system." Dkt. 1-1, Ex. 1. (The Complaint even recognizes at ¶ 6.15 that the fees are submitted "to the Health District through the Online RME system.").

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 8

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Additionally, Exhibit 16, the supposed record of payments to OnlineRME, actually says in black and white that contract fees are collected by the Health District. Finally, the contract between eOnsite and the Health District shows that eOnsite collects $0.00 from the Health District. Ex. A to the Health District's Motion.

### (2) While compelled labor could be a predicate act, it is not adequately alleged in the Complaint.

RICO's definition of racketeering does include conduct that violates 18 U.S.C. §§ 1581-1592 (relating to compelled labor and human trafficking) and the Complaint does allege that some defendant or defendants has violated 18 U.S.C. § 1589. Dkt. 1 ¶ 6.27. Section 1589 says it is illegal to procure labor:

> (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
>
> (2) by means of serious harm or threats of serious harm to that person or another person;
>
> (3) by means of the abuse or threatened abuse of law or legal process; or
>
> (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

18 U.S.C. § 1589. The Complaint does not include any allegation of the use or threat of force, restraint, harm, or abuse of legal process, or any attempt to convince a Plaintiff that it was at risk of harm or restraint.

What the Complaint alleges is that the Health District required Grizzly, as part of its duties as a licensed septic inspector, to collect contract fees. That alleged conduct does not violate 18 U.S.C. § 1589. More importantly for this motion, that allegation relates only to the Health District. The Complaint does not allege that any of the Moving Defendants compelled any labor from Plaintiffs in any way. Hence, there is no allegation of any racketeering

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 9

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

predicate act by any Moving Defendant. Plaintiffs have therefore failed to state a claim upon which relief can be granted under RICO.

### 4. Plaintiffs have failed to allege a concrete financial loss that could satisfy the fifth element of a RICO claim.

The fifth element of RICO claim requires a showing of a "concrete financial loss" that was proximately caused by the defendants' prohibited conduct. *Fireman's Fund Ins. Co. v. Stites*, 258 F.3d 1016, 1021 (9th Cir. 2001).

The Complaint does not allege any plausible financial loss from the alleged embezzlement of public funds by the Moving Defendants. There is no allegation that but for the Moving Defendants keeping those fees, the fees would have flowed to Plaintiffs. Instead, if anything, the Complaint alleges that the Health District has lost contract fees.

The Complaint makes threadbare allegations about having suffered a financial loss as a result of being compelled to collect contract fees. But, as discussed above, the Complaint's claim of compelled labor is only directed at the Health District and therefore Plaintiffs' poorly alleged losses cannot support a RICO claim against the Moving Defendants.

The Complaint also alleges that "Washington State Consumers" have been damaged by the alleged racketeering activity. But Plaintiffs are not among those Washington State Consumers who are paying contract fees to the Health District. The Plaintiffs therefore have no standing to sue for consumers' alleged losses.

### 5. The Complaint does not contain any plausible allegation of interstate activity.

The Plaintiffs' attempt to allege interstate activity by claiming that contract fees are being remitted across state lines to OnlineRME in Oregon. Dkt. 1 ¶ 6.24. To begin with, Plaintiffs admit that OnlineRME, the Oregon entity, is "dissolved," so any allegation of interstate activity relates only to the time period before December 22, 2020. Dkt. 1, p. 4, l. 15

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 10

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

(right side of page, noting that OnlineRME has been a Washington entity since that date). Next, Plaintiffs alleged proof that money has been transferred to Oregon from Washington defeats they allegation. Dkt. 1 ¶ 6.24 (citing Ex. 14). Exhibit 14 to the Complaint shows only that the Health District (which is in Washington) has issued online invoices to Plaintiffs (who are in Washington). Dkt. 1-1, Ex. 14. Ultimately, there are no plausible allegations of any interstate activity, rendering the RICO claim deficient in yet another way.

**C.     The Complaint fails to state a claim under 42 U.S.C. § 1983 against the Moving Defendants (Count II).**

Only a state actor can violate 42 U.S.C. § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). The second Count of the Complaint, for violation of 42 U.S.C. § 1983, is alleged only against government actors. Hence, it is not alleged against eOnsite, OnlineRME, or Harman, and is only alleged against Evans and North in their public capacities. However, because the Complaint is generally vague and the goal of the parties and Court on a motion to dismiss is to achieve clarity about which claims are in the case and which are out, the Moving Defendants ask that the Order on this Motion explicitly provide that Court II is dismissed with prejudice against each of the Moving Defendants, including Evans and North in their private capacities.

**D.     The Complaint does not adequately allege a violation of 18 U.S.C. § 1589 (Count III).**

As discussed above, a claim under 18 U.S.C. § 1589 requires an allegation that labor was procured through force, restraint, or threats of harm, abuse of the legal process, or restraint. Although Count III of the Complaint alleges a violation of that statute, no force, restraint, or threat is alleged.

Additionally, Count III is based on the theory that Policy 36 unlawfully compels Plaintiffs' labor. Because none of the Moving Defendants enacted Policy 36, Count III could

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 11

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

not move forward against them even if it did state a viable claim under Section 1589. Hence, Count III must be dismissed with prejudice with respect to the Moving Defendants.

**E.  The Complaint does not allege any predicate acts to support a claim for profiteering (Count IV).**

RCW 9a.82.100 says a person who "sustains an injury to his or her person, business, or property by an act of criminal profiteering" may bring a private action. As with RICO's definition of racketeering, RCW 9A.82.010(4) defines profiteering as a pattern of violations of any of a long list of predicate criminal statutes.

Plaintiffs allege that the Moving Defendants' violated RCW 9A.82.45 (sic), 9A.82.060, and 9A.82.080. However, the Complaint does not contain allegations of conduct that actually violates those statutes.

RCW 9A.82.045 prohibits the collecting of a debt that is the result of horse racing, gambling, or a loan charging double the usury rate. The Complaint any of those acts.

RCW 9A.82.060 prohibits leading organized crime, which requires leading three or more people in a pattern of criminal "profiteering." Thus, to allege a claim under RCW 9A.82.060, Plaintiffs must identify violations of another predicate statute. The situation is similar with RCW 9A.82.080. That section prohibits a person who receives the proceeds of profiteering activity from using those proceeds in certain ways. So, the Plaintiffs must identify violations of some other predicate statute and the existence and use of proceeds from that violation to be able to allege a viable claim under RCW 9A.82.080.

The Complaint does identify any other predicate statutes as having been violated. Nor does it allege conduct that constitutes a violation of any other predicate statutes. The Complaint also fails to identify any loss suffered by Plaintiffs as a result of alleged profiteering. Because the Complaint never identifies any profiteering activity or resulting losses, Count IV of the Complaint fails to state a claim and must be dismissed.

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 12

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

### F. The Complaint fails to state a claim for violation of RCW 19.86 (Count V).

The Consumer Protection Act ("CPA") prohibits "unfair" or "deceptive" acts or practices in trade or commerce. RCW 19.86.020. "To prevail on a CPA action, the plaintiff must prove '(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation.'" *Greenberg v. Amazon.com, Inc.*, --- P.3d ---, 101858-4, 2024 WL 3711070, at *7 (Wash. Supreme Ct. Aug. 8, 2024), *as amended* (Aug. 16, 2024). Count V of the Complaint alleges that Defendants have "engaged in false and misleading statements to Washington State Consumers." Dkt. 1 ¶ 7.22. This allegation cannot sustain Count VI for several reasons.

*First*, the Plaintiffs do not identify the content of any false or misleading statement, they simply make the sort of formulaic recitation of legal elements that are disallowed under *Twombly* and *Iqbal*.

*Second*, the Plaintiffs do not allege that any false or misleading statement was made *to them*. Hence, they have no standing to bring this claim. The Complaint alleges that the Plaintiffs "bring this suit on behalf of the public and other similarly situated Septic Inspectors." Dkt. 1 ¶ 7.24. To the extent the Plaintiffs are suggesting that this lawsuit is a class action, and that they are suing on behalf of septic inspectors, their allegation still fails to plausibly support a CPA claim. Plaintiffs do not allege that septic inspectors generally, or a certain class of septic inspectors, received a false or misleading statement from any defendant, let alone any of the Moving Defendants.

The Plaintiffs' reference to "the public" may intend to identify the Plaintiffs as representatives of a class of people other than septic inspectors (for example, septic system owners). If Plaintiffs intend to bring a class claim under the CPA on behalf of some such other group, they lack standing to do so. Under Fed R. Civ. P. 23(a), a class action may only

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 13

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

be brought by "one or more *members* of a class." Plaintiffs have not alleged that they themselves are septic system owners.

*Third*, the Plaintiffs do not identify any injury they have sustained as a result of any alleged false or misleading statement.

For each of the reasons stated above, no relief can be granted to the Plaintiffs under the CPA under the allegations in the Complaint. Count V of the Complaint must therefore be dismissed.

### G. Plaintiffs have failed to adequately allege an actionable interference with a contract or business expectancy (Count VI).

A plaintiff claiming tortious interference with a contractual relationship or business expectancy must prove five elements:

> (1) [T]he existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage.

*Tacoma Auto Mall, Inc. v. Nissan N. Am., Inc.*, 169 Wn. App. 111, 132, 279 P.3d 487, 498 (2012)(citing *Leingang v. Pierce County Med. Bureau, Inc.,* 131 Wash.2d 133, 157, 930 P.2d 288 (1997)).

Of all the Counts in the Complaint, Count VI may be the hardest to understand. The Complaint does not identify a single existing contract. Instead, only alleges the existence of expectancies of business with septic system owners. Dkt. 1 ¶ 7.26. But when Count VI gets around to alleging a loss, it does not allege the loss of any expectancies, only "the termination of numerous contractual relationships" (none of which contracts are identified in the Complaint). Dkt. 1 ¶ 7.29.

In addition to failing to identify *what* Defendants allegedly interfered with, the Complaint also fails to provide any coherent allegation about *how* Defendants interfered. The

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 14

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Complaint says the termination of contracts was caused by (1) "the imposition of Policy 36" and (2) "the ability to interfere and suspend Washington State Septic Inspectors from working." Dkt. 1 ¶ 7.29. Neither of these allegations makes any sense.

Policy 36 applies equally to all licensed septic inspectors. The policy calls on inspectors to act as a septic system owner's agent by forwarding contract fees to the Health District. The Complaint does not say why or how the enactment of Policy 36 could have possibly caused a septic system owner to choose a different septic inspector or choose not to have inspections. And there is no apparent set of hypothetical facts that could plug this hole in the Complaint's allegations.

The allegation that the "ability to interfere and suspend Washington State Septic Inspectors from working" caused the termination of contracts is even more puzzling. Plaintiffs are not alleging that any actual interference or suspension caused a septic system owner to terminate a contract. They are alleging that the mere ability of some Defendant to generally interfere with or suspend septic inspectors, caused unidentified septic system owners to terminate unidentified contracts with Plaintiffs. These allegations are so devoid of substance and so hard to follow that they do not satisfy the pleading standard described in *Twombly* and *Iqbal*. Count VI must be dismissed.

**H.     The Complaint does not allege the elements of fraudulent misrepresentation (Count VII).**

The nine elements of fraudulent misrepresentation are: (1) a representation of an existing fact; (2) the factual representation was material; (3) it was false; (4) Defendant knew it was false; (5) Defendant intended that Plaintiff act on the false representation; (6) Plaintiff was ignorant of the falsity of the representation; (7) Plaintiff relied on the false representation; (8) Plaintiff had a right to rely on the representation; and (9) Plaintiff suffered damages due to his reliance on the false representation. *Westby v. Gorsuch*, 112 Wn. App. 558, 570, 50 P.3d

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 15

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

284, 290–91 (2002)(citing *Stiley v. Block*, 130 Wash.2d 486, 505, 925 P.2d 194 (1996)). Fed. R. Civ. P. 9(b) requires that the elements of fraudulent misrepresentation be alleged with particularity. "Averments of fraud must be accompanied by 'the who, what, when, where and how's of the misconduct charged." *Bes v. Ciba-Geigy Corp., U.S.A*., 317 F. 3d 1097, 1106 (9th Cir. 2003).

There is no particularized allegation in the Complaint that any Defendant made any representation of fact to any Plaintiff, or that the representation was material, false, or known to be false. There is no allegation that any Plaintiff acted in reliance on any false statement, was ignorant of the falsity of any statement, or had any right to rely on any false statement. And, as discussed already, there is no allegation that Plaintiffs have suffered any damage.

The Plaintiffs having failed to allege the elements of a fraud claim, Count VII must be dismissed.

I. **Each of the counts in the Complaint is fully or partially barred by the applicable statute of limitations.**

The Complaint was filed on July 18, 2024. It alleges stale claims over events stretching back well over a decade. The claims in the Complaint are subject to the following statutes of limitations:

1) Count I: RICO - Four years;[4]

2) Count II: § 1983 - Three years;[5]

3) Count III: Human Trafficking - Ten years (15 U.S.C. § 1595(a), (c));

---

[4] RICO does not contain an express statute of limitations. But the Supreme Court has determined that the four-year statute of limitations under the Clayton Act (15 U.S.C. § 15(b)) should apply uniformly to all civil RICO claims. *Agency Holding Corp. v. Malley-Duff & Associates, Inc*., 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987).

[5] 42 U.S.C. § 1983 does not have its own statute of limitations. Federal courts instead apply the forum state's statute of limitations for personal injury actions. *Butler v. National Community Renaissance of California*, 766 F.3d 1191 (2014). In Washington, the statute of limitations for personal injury actions is three years. RCW 4.16.080.

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 16

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

4) Count IV: Profiteering - Three years (RCW 9A.82.100(7));

5) Count V: Consumer Protection Act - Four years (RCW 19.86.120);

6) Count VI: Intentional Interference with Contract or Business Expectancy - Three years (RCW 4.16.080); and

7) Count VII: Fraudulent Misrepresentation - Three years (RCW 4.16.080)).

To the extent any count in the Complaint is not dismissed in its entirety, it should be dismissed to the extent the underlying allegations involve events beyond the applicable limitations period.

### 1. All Counts must be dismissed as untimely to the extent they are based on a claim of compelled labor.

On page 4 of the Complaint in the lower left of Plaintiffs' diagram, Plaintiffs admit that they have known since 2011 at the latest that the contract fees they were collecting were not part of their own income. This means they knew they were collecting the contract fees on behalf of someone else. Hence, any claim based on Plaintiffs being compelled to collect those fees on the Health District's behalf was barred, even under the ten-year statute of limitations in 15 U.S.C. § 1595(a) and (c) in 2021, long before the complaint was filed.

### 2. All claims against eOnsite must be dismissed as time barred.

The Complaint alleges that eOnsite collected contract fees from 2005-2009. Dkt 1 ¶ 6.4. The claims against eOnsite were not filed until 15 years after that period ended and are therefore time barred.

## V. CONCLUSION

While pleading standards are somewhat permissive, *Twombly* and *Iqbal* do allow a Court to conduct a reality check on a complaint. The Complaint in this case fails because it is out of touch with reality. Requiring businesses who choose to hold licenses to collect and submit fees related to the services they are licensed to provide is not forced labor. The Health

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 17

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

District's collection of fees through a free online service is not racketeering. The Plaintiffs' allegations are so devoid of particulars and plausibility that the entire Complaint must be dismissed with prejudice.

DATED this 27th day of August, 2024.

This motion contains 5,145 words per LCR 7(e).

CORR CRONIN LLP

By: *s/ Jack M. Lovejoy*
Jack M. Lovejoy, WSBA No. 36962
Victoria E. Ainsworth, WSBA No. 49677
1015 Second Avenue, 10th Floor
Seattle, Washington 98104
Phone: (206) 625-8600
jlovejoy@corrcronin.com
tainsworth@corrcronin.com

*Attorneys for Defendants eOnsite, LLC; OnlineRME, LLC, Eric Evans, Edwin North and Michael Harman*

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 18

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2024, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Wen Cruz*
Wen Cruz

MOTION TO DISMISS BY DEFENDANTS EONSITE, LLC, ONLINERME, LLC, ERIC EVANS, EDWIN NORTH, AND MICHAEL HARMAN
(Case No. 3:24-cv-05583 BHS) - 19

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900