UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GRIZZLY GENERAL CONTRACTORS, CORP. (dba, GRIZZLY SEPTIC SERVICES), a Washington State Corporation; and WILLIAM and STEPHANIE GONZALES, Washington State residents and a marital community; and JOHN DOES and JANE DOES 1-50;

          Plaintiffs,

   v.

KITSAP PUBLIC HEALTH DISTRICT, a Washington State accredited public health agency; ONLINERME, LLC, a Washington State and Oregon State Limited Liability Company; EONSITE, LLC, a Washington State Limited Liability Company; ORENCO SYSTEMS, INC., an Oregon for Profit Corporation and co-owner of OnlineRME, LLC, ERIC EVANS, individually and his marital community, Washington State residents and co-owners of OnlineRME, LLC and eOnsite, LLC, EDWIN NORTH, individually and his marital community, Washington State residents and co-owners of OnlineRME, LLC, and eOnsite, LLC, MIKE HARMON, individually and his marital community, Washington State residents and co-owners of OnlineRME, LLC; HAROLD L. BALL, individually and his marital community, Oregon residents and co-owner of Orenco Systems, Inc. and JOHN DOES and JANE DOES 1-50;

          Defendants.

CASE NO.  3:24-cv-05583-BHS

ANSWER TO PLAINTIFFS' PETITION FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND COMPLAINT FOR DAMAGES BY DEFENDANTS ORENCO SYSTEMS, INC. AND HAROLD L. BALL

BAKER STERCHI COWDEN & RICE, LLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1    COME NOW DEFENDANTS ORENCO SYSTEMS, INC. AND HAROLD L. BALL

2    (collectively, "Orenco Defendants"), by and through undersigned counsel, and in answer to

3    Plaintiffs' Petition for Declaratory Judgment, Injunctive Relief and Complaint for Damages (ECF

4    No. 1, and hereinafter the "Complaint") respectfully state as follows:

## I.    INTRODUCTION

6        The Orenco Defendants admit that Plaintiffs, by and through their counsel, initiated this

7    civil lawsuit and have named them and certain other individuals and entities as Defendants. The

8    Orenco Defendants deny the remaining allegations in the unnumbered Introduction and further

9    expressly deny that Plaintiffs are entitled to the relief referenced therein.

## II.    NATURE OF CASE

11       To the extent the allegations in the unnumbered Nature of the Case are directed against the

12   Orenco Defendants, they are denied in their entirety.  The Orenco Defendants lack knowledge or

13   information sufficient to form a belief regarding the truth of any allegations directed against any

14   other Defendant and therefore deny the same.  The Orenco Defendants further lack knowledge or

15   information regarding the documents attached as Exhibit 1 and Exhibit 2 to the Complaint and

16   answer only that they are documents that speak for themselves and deny any allegation that is

17   inconsistent with those documents.  The Orenco Defendants deny the allegations in the document

18   attached as Exhibit 3 to the Complaint and incorporated therein by reference.  Further answering,

19   the allegations in the unnumbered Nature of the Case contain legal conclusions to which no

20   response is required.  To the extent a response is deemed required, the Orenco Defendants deny

21   those allegations.  The Orenco Defendants deny the remaining allegations in the unnumbered

ANSWER TO COMPLAINT BY
DEFENDANTS ORENCO SYSTEMS, INC.
AND HAROLD L. BALL
(3:24-cv-05583-BHS) - 2

**BAKER STERCHI COWDEN
& RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

Nature of the Case, and further expressly deny that Plaintiffs are entitled to the relief referenced therein.

### III. <u>WAIVER OF MUNICIPALITY IMMUNITY & PRE-TORT FILING COMPLIANCE</u>

3.1     The allegations in Paragraph 3.1 contain legal conclusions to which no response is required.  To the extent a response is deemed required, the Orenco Defendants deny those allegations.

3.2     The allegations in Paragraph 3.2 contain legal conclusions to which no response is required.  To the extent a response is deemed required, the Orenco Defendants deny those allegations.  The Orenco Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 3.2 and therefore deny the same. Further answering, the Orenco Defendants lack knowledge or information regarding the document attached as Exhibit 4 to the Complaint and answer only that it is a document that speaks for itself and deny any allegation that is inconsistent with that document.

3.3     The Orenco Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 3.3 and therefore deny the same.  Further answering, the Orenco Defendants lack knowledge or information regarding the document attached as Exhibit 5 to the Complaint and answer only that it is a document that speaks for itself and deny any allegation that is inconsistent with that document.

### IV. <u>JURISDICTION & VENUE</u>

4.1     The allegations in Paragraph 4.1 contain legal conclusions to which no response is

ANSWER TO COMPLAINT BY
DEFENDANTS ORENCO SYSTEMS, INC.
AND HAROLD L. BALL
(3:24-cv-05583-BHS) - 3

**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

required. To the extent a response is deemed required, the Orenco Defendants deny those allegations. Further answering, the Orenco Defendants expressly deny that Plaintiffs are entitled to the relief requested therein.

4.2     The allegations in Paragraph 4.2 contain legal conclusions to which no response is required. To the extent a response is deemed required, the Orenco Defendants deny those allegations. Further answering, the Orenco Defendants expressly deny that Plaintiffs are entitled to the relief requested therein.

4.3     The allegations in Paragraph 4.3 contain legal conclusions to which no response is required. To the extent a response is deemed required, the Orenco Defendants deny those allegations.

4.4     The allegations in Paragraph 4.4 contain legal conclusions to which no response is required. To the extent a response is deemed required, the Orenco Defendants deny those allegations.

4.5     The allegations in Paragraph 4.5 contain legal conclusions to which no response is required. To the extent a response is deemed required, the Orenco Defendants deny those allegations.

## V.     PARTIES

5.1     The Orenco Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 5.1 and therefore deny the same.

5.2     The Orenco Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 5.2 and therefore deny the same.

ANSWER TO COMPLAINT BY
DEFENDANTS ORENCO SYSTEMS, INC.
AND HAROLD L. BALL
(3:24-cv-05583-BHS) - 4

**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1        5.3     The Orenco Defendants lack knowledge or information sufficient to form a belief

2    regarding the truth of the allegations in Paragraph 5.3 and therefore deny the same.

3        5.4     The Orenco Defendants lack knowledge or information sufficient to form a belief

4    regarding the truth of the allegations in Paragraph 5.4 and therefore deny the same.

5        5.5     The Orenco Defendants lack knowledge or information sufficient to form a belief

6    regarding the truth of the allegations in Paragraph 5.5 and therefore deny the same.

7        5.6     The Orenco Defendants lack knowledge or information sufficient to form a belief

8    regarding the truth of the allegations in Paragraph 5.6 and therefore deny the same.

9        5.7     The Orenco Defendants admit that Defendant Orenco Systems, Inc., is a past owner

10   of a now-dissolved Oregon limited liability company called OnlineRME, LLC.  The Orenco

11   Defendants deny the remaining allegations in Paragraph 5.7.

12       5.8     The Orenco Defendants admit that Defendant Orenco Systems, Inc. is an Oregon

13   corporation and a registered foreign profit corporation in Washington State.  Further answering,

14   the Orenco Defendants admit that Defendant Orenco Systems, Inc., is a past owner of a now-

15   dissolved Oregon limited liability company called OnlineRME, LLC.  The Orenco Defendants

16   deny the remaining allegations in Paragraph 5.8.

17       5.9     The Orenco Defendants deny the allegations in Paragraph 5.9.

18       5.10    The Orenco Defendants admit that Defendant Harold L. Ball is a past shareholder

19   of Defendant Orenco Systems, Inc.  The Orenco Defendants deny the remaining allegations in

20   Paragraph 5.10.

21       5.11    The allegations in Paragraph 5.11 contain legal conclusions to which no response

ANSWER TO COMPLAINT BY
DEFENDANTS ORENCO SYSTEMS, INC.
AND HAROLD L. BALL
(3:24-cv-05583-BHS) - 5

**BAKER STERCHI COWDEN
& RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

is required. To the extent a response is deemed required, the Orenco Defendants deny those allegations. Further answering, the Orenco Defendants expressly deny that Plaintiffs are a member of the alleged class and are entitled to class certification. The Orenco Defendants are without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 5.11 and therefore deny the same.

5.12    The allegations in Paragraph 5.12 contain legal conclusions to which no response is required. To the extent a response is deemed required, the Orenco Defendants deny those allegations. The Orenco Defendants are without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 5.12 and therefore deny the same.

## VI.    <u>FACTUAL ALLEGATIONS</u>

6.1    The Orenco Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 6.1 and therefore deny the same.

6.2    The Orenco Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 6.2 and therefore deny the same. Further answering, the Orenco Defendants lack knowledge or information regarding the document attached as Exhibit 6 to the Complaint and answer only that it is a document that speaks for itself and deny any allegation that is inconsistent with that document.

6.3    The Orenco Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 6.3 and therefore deny the same.

6.4    The Orenco Defendants lack knowledge or information sufficient to form a belief

ANSWER TO COMPLAINT BY
DEFENDANTS ORENCO SYSTEMS, INC.
AND HAROLD L. BALL
(3:24-cv-05583-BHS) - 6

**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

regarding the truth of the allegations in Paragraph 6.4 and therefore deny the same. Further answering, the Orenco Defendants lack knowledge or information regarding the document attached as Exhibit 7 to the Complaint and answer only that it is a document that speaks for itself and deny any allegation that is inconsistent with that document.

6.5 The Orenco Defendants admit that Defendant Orenco Systems, Inc. and Defendants eOnsite, LLC, Eric Evans, and Edwin North entered into an agreement on or about February 23, 2009, to form a now-dissolved Oregon limited liability company called OnlineRME, LLC. Further answering, the document attached as Exhibit 8 to the Complaint is a document that speaks for itself and the Orenco Defendants deny any allegation that is inconsistent with that document. The Orenco Defendants further admit upon information and belief that on May 15, 2009, OnlineRME, LLC and eOnsite, LLC entered into a License Agreement whereby OnlineRME, LLC granted to eOnsite, LLC an exclusive license to use its web-based software. A true and correct copy of this License Agreement is attached as Exhibit 1 hereto. The Orenco Defendants deny the remaining allegations in Paragraph 6.5.

6.6 The allegations in Paragraph 6.6 contain legal conclusions to which no response is required. To the extent a response is deemed required, the Orenco Defendants deny those allegations. The Orenco Defendants are without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 6.6 and therefore deny the same. Further answering, the referenced policy speaks for itself and the Orenco Defendants deny any allegation that is inconsistent with that policy. The Orenco Defendants lack knowledge or information regarding the document attached as Exhibit 9 to the Complaint and answer only that

ANSWER TO COMPLAINT BY
DEFENDANTS ORENCO SYSTEMS, INC.
AND HAROLD L. BALL
(3:24-cv-05583-BHS) - 7

**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1  it is a document that speaks for itself and deny any allegation that is inconsistent with that

2  document.

3       6.7    The Orenco Defendants lack knowledge or information sufficient to form a belief

4  regarding the truth of the allegations in Paragraph 6.7 and therefore deny the same. Further

5  answering, the Orenco Defendants lack knowledge or information regarding the document

6  attached as Exhibit 10 to the Complaint and answer only that it is a document that speaks for itself

7  and deny any allegation that is inconsistent with that document.

8       6.8    The Orenco Defendants lack knowledge or information sufficient to form a belief

9  regarding the truth of the allegations in Paragraph 6.8 and therefore deny the same. Further

10 answering, the Orenco Defendants lack knowledge or information regarding the document

11 attached as Exhibit 11 to the Complaint and answer only that it is a document that speaks for itself

12 and deny any allegation that is inconsistent with that document.

13      6.9    The Orenco Defendants lack knowledge or information sufficient to form a belief

14 regarding the truth of the allegations in Paragraph 6.9 and therefore deny the same.

15      6.10   The Orenco Defendants lack knowledge or information sufficient to form a belief

16 regarding the truth of the allegations in Paragraph 6.10 and therefore deny the same.

17      6.11   The Orenco Defendants lack knowledge or information sufficient to form a belief

18 regarding the truth of the allegations in Paragraph 6.11 and therefore deny the same.

19      6.12   The Orenco Defendants lack knowledge or information sufficient to form a belief

20 regarding the truth of the allegations in Paragraph 6.12 and therefore deny the same. Further

21 answering, the Orenco Defendants lack knowledge or information regarding the document

ANSWER TO COMPLAINT BY
DEFENDANTS ORENCO SYSTEMS, INC.
AND HAROLD L. BALL
(3:24-cv-05583-BHS) - 8

**BAKER STERCHI COWDEN
& RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

attached as Exhibit 12 to the Complaint and answer only that it is a document that speaks for itself and deny any allegation that is inconsistent with that document.

6.13    The Orenco Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 6.13 and therefore deny the same.  Further answering, the referenced policy speaks for itself and the Orenco Defendants deny any allegation that is inconsistent with that policy.

6.14    The Orenco Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 6.14 and therefore deny the same.

6.15    The Orenco Defendants deny the allegations in Paragraph 6.15.

6.16    The Orenco Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 6.16 and therefore deny the same.

6.17    The Orenco Defendants deny the allegations in Paragraph 6.17.

6.18    The Orenco Defendants deny the allegations in Paragraph 6.18.

6.19    The Orenco Defendants deny the allegations in Paragraph 6.19.

6.20    The Orenco Defendants deny the allegations in Paragraph 6.20.  Further answering, the Orenco Defendants lack knowledge or information regarding the document attached as Exhibit 13 to the Complaint and answer only that it is a document that speaks for itself and deny any allegation that is inconsistent with that document.

6.21    The Orenco Defendants deny the allegations in Paragraph 6.21.

6.22    The Orenco Defendants deny the allegations in Paragraph 6.22.

6.23    The Orenco Defendants deny the allegations in Paragraph 6.23.

ANSWER TO COMPLAINT BY
DEFENDANTS ORENCO SYSTEMS, INC.
AND HAROLD L. BALL
(3:24-cv-05583-BHS) - 9

**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1      6.24    The Orenco Defendants deny the allegations in Paragraph 6.24. Further answering,

2 the Orenco Defendants lack knowledge or information regarding the document attached as Exhibit

3 14 to the Complaint and answer only that it is a document that speaks for itself and deny any

4 allegation that is inconsistent with that document.

5      6.25    The Orenco Defendants lack knowledge or information sufficient to form a belief

6 regarding the truth of the allegations in Paragraph 6.25 and therefore deny the same. Further

7 answering, the Orenco Defendants lack knowledge or information regarding the document

8 attached as Exhibit 15 to the Complaint and answer only that it is a document that speaks for itself

9 and deny any allegation that is inconsistent with that document.

10      6.26    The Orenco Defendants deny the allegations in Paragraph 6.26.

11      6.27    The Orenco Defendants deny the allegations in Paragraph 6.27.

12      6.28    The allegations in Paragraph 6.28 contain legal conclusions to which no response

13 is required. To the extent a response is deemed required, the Orenco Defendants deny those

14 allegations.

15      6.29    The Orenco Defendants deny the allegations in Paragraph 6.29.

16      **VII.   CAUSES OF ACTION**

17      The Orenco Defendants incorporate by reference their admissions, denials, and averments

18 to the allegations in Paragraphs 3.1 through 6.29.

19      **COUNT I**

     ***Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1964, et seq.***

20

21      7.1    The Orenco Defendants deny the allegations in Paragraph 7.1.

ANSWER TO COMPLAINT BY
DEFENDANTS ORENCO SYSTEMS, INC.
AND HAROLD L. BALL
(3:24-cv-05583-BHS) - 10

**BAKER STERCHI COWDEN
& RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

7.2    The Orenco Defendants deny the allegations in Paragraph 7.2.

7.3    The Orenco Defendants deny the allegations in Paragraph 7.3.

7.4    The Orenco Defendants deny the allegations in Paragraph 7.4.

7.5    The Orenco Defendants deny the allegations in Paragraph 7.5.

7.6    The Orenco Defendants deny the allegations in Paragraph 7.6.

7.7    The Orenco Defendants deny the allegations in Paragraph 7.7, and expressly deny that Plaintiffs are entitled to the relief sought therein.

## COUNT II
### *Violations of U.S. Civil Rights Act of 1872, 42 U.S.C. § 1983, et seq.*

7.8    The Orenco Defendants deny the allegations in Paragraph 7.8.

7.9    The Orenco Defendants deny the allegations in Paragraph 7.9.

7.10   The Orenco Defendants deny the allegations in Paragraph 7.10.

7.11   The Orenco Defendants deny the allegations in Paragraph 7.11.

7.12   The Orenco Defendants deny the allegations in Paragraph 7.12.

7.13   The Orenco Defendants deny the allegations in Paragraph 7.13.

7.14   The Orenco Defendants deny the allegations in Paragraph 7.14, and expressly deny that Plaintiffs are entitled to the relief sought therein.

## COUNT III
### *Violation of the U.S. Trafficking Victims Protection Reauthorization Act of 2008*
### *18 U.S.C. § 1595(a)*

7.15   The allegations in Paragraph 7.15 contain legal conclusions to which no response is required.  To the extent a response is deemed required, the Orenco Defendants deny any

ANSWER TO COMPLAINT BY
DEFENDANTS ORENCO SYSTEMS, INC.
AND HAROLD L. BALL
(3:24-cv-05583-BHS) - 11

**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

mischaracterization or misconstruction of 18 U.S.C. §1595, *et seq*., and further state that the referenced Act speaks for itself. The Orenco Defendants deny the remaining allegations in Paragraph 7.15.

7.16    The Orenco Defendants deny the allegations in Paragraph 7.16.

7.17    The Orenco Defendants deny the allegations in Paragraph 7.17.

7.18    The allegations in Paragraph 7.18 contain legal conclusions to which no response is required. To the extent a response is deemed required, the Orenco Defendants deny any mischaracterization or misconstruction of 18 U.S.C. §1595, *et seq.,* and further state that the referenced Act speaks for itself. The Orenco Defendants deny the remaining allegations in Paragraph 7.18, and expressly deny that Plaintiffs are entitled to the relief sought therein.

### COUNT IV
*Washington State's Criminal Profiteering Act, RCW 9a.82*

7.19    The Orenco Defendants deny the allegations in Paragraph 7.19.

7.20    The Orenco Defendants deny the allegations in Paragraph 7.20.

7.21    The Orenco Defendants deny the allegations in Paragraph 7.21, and expressly deny that Plaintiffs are entitled to the relief sought therein.

### COUNT V
*Violation of Washington State Consumer Protection Act, RCW 19.86, et seq.*

7.22    The Orenco Defendants deny the allegations in Paragraph 7.22.

7.23    The Orenco Defendants deny the allegations in Paragraph 7.23.

7.24    The Orenco Defendants deny the allegations in Paragraph 7.24.

7.25    The Orenco Defendants deny the allegations in Paragraph 7.25, and expressly deny

ANSWER TO COMPLAINT BY
DEFENDANTS ORENCO SYSTEMS, INC.
AND HAROLD L. BALL
(3:24-cv-05583-BHS) - 12

**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1   that Plaintiffs are entitled to the relief sought therein.

2                                    **COUNT VI**
    ***Intentional Interference with Prospective Economic Advantage/Inducing Breach of Contract***

3
4          7.26    The Orenco Defendants deny the allegations in Paragraph 7.26.

5          7.27    The Orenco Defendants deny the allegations in Paragraph 7.27.

6          7.28    The Orenco Defendants deny the allegations in Paragraph 7.28.

7          7.29    The Orenco Defendants deny the allegations in Paragraph 7.29.

8          7.30    The Orenco Defendants deny the allegations in Paragraph 7.30.

                                    **COUNT VII**
9                              ***Fraudulent Misrepresentation***

10         7.31    The Orenco Defendants deny the allegations in Paragraph 7.31.

11         7.32    The Orenco Defendants deny the allegations in Paragraph 7.32. Further answering,

12  Orenco Defendants lack knowledge or information regarding the document attached as Exhibit 16

13  to the Complaint and answer only that it is a document that speaks for itself and deny any allegation

14  that is inconsistent with that document.

15         7.33    The Orenco Defendants deny the allegations in Paragraph 7.33.

16                        **VIII.   DEMAND FOR JURY TRIAL**

17         8.1     The Orenco Defendants deny that Plaintiffs are entitled to a jury trial.

18                           **IX.      PRAYER FOR RELIEF**

19         9.1-9.8 The Orenco Defendants deny that Plaintiffs are entitled to the relief sought in

20  Paragraphs 9.1-9.8. The Orenco Defendants deny the remaining allegations in Paragraphs 9.1-9.8.

21  *///*

**BAKER STERCHI COWDEN
& RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.      Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

2.      This Court lacks subject matter jurisdiction over the claims asserted against the Orenco Defendants.

### THIRD DEFENSE

3.      This Court lacks personal jurisdiction over Defendant Harold L. Ball.

### FOURTH DEFENSE

4.      Plaintiffs' claims against the Orenco Defendants are barred in whole or in part by the applicable statute of limitations.

### FIFTH DEFENSE

5.      Plaintiffs lack standing to assert claims on behalf of "John Does and Jane Does 1-50" as alleged in Paragraph 5.11 of the Complaint.

### SIXTH DEFENSE

6.      Plaintiffs lack standing to assert any damage claims on their own behalf.

### SEVENTH DEFENSE

7.      Plaintiffs' claims against the Orenco Defendants are not factually or legally supportable, are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.  Should Plaintiffs continue this action against the Orenco Defendants, particularly with the benefit of the License Agreement

ANSWER TO COMPLAINT BY
DEFENDANTS ORENCO SYSTEMS, INC.
AND HAROLD L. BALL
(3:24-cv-05583-BHS) - 14

**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

appended hereto, the Orenco Defendants reserve the right to seek sanctions under Fed. R. Civ. P. 11(c)(2), this pleading serving as notice to Plaintiffs thereunder.

**EIGHTH DEFENSE**

8.    Plaintiffs' claims are barred in whole or in part by the fact that their alleged damages were caused by the actions, omissions, and/or breaches by one or more parties or entities for which the Orenco Defendants are not liable.

**NINTH DEFENSE**

9.    Plaintiffs have failed to satisfy their pleading obligations and plead their claims with the requisite specificity.

**TENTH DEFENSE**

10.    The damages, if any, alleged by Plaintiffs, which are expressly denied, were due to and caused by Plaintiffs' own failure to mitigate said damages.

**ELEVENTH DEFENSE**

11.    Plaintiffs' claims are barred in whole or in part by principles and doctrines of equity, including but not limited to the doctrines of bad faith, waiver, estoppel, unclean hands, and/or laches.

**TWELFTH DEFENSE**

12.    Plaintiffs' purported claims for relief are barred because they fail to satisfy the requirements for class certification under Fed. R. Civ. P. 23, including, but not limited to, Plaintiffs' failure to show adequacy of representation, commonality, and typicality.

///

ANSWER TO COMPLAINT BY
DEFENDANTS ORENCO SYSTEMS, INC.
AND HAROLD L. BALL
(3:24-cv-05583-BHS) - 15

**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

## THIRTEENTH DEFENSE

13.     Count I of the Complaint fails due to Plaintiffs' failure to allege sufficient facts that establish the elements of a RICO claim, including, but not limited to, facts that establish a pattern of racketeering activity or that establish that the Orenco Defendants participated in the alleged enterprise.

## FOURTEENTH DEFENSE

14.     Count I of the Complaint is preempted by other federal laws.

## FIFTEENTH DEFENSE

15.     Count II fails as the Orenco Defendants are not governmental officials.

## SIXTEENTH DEFENSE

16.     Count III fails as Plaintiffs failed to state facts establishing that the Orenco Defendants participated in forced labor as defined in 18 U.S. Code § 1589.

## SEVENTEENTH DEFENSE

17.     Count IV fails as Plaintiffs failed to state facts establishing that the Orenco Defendants participated in collecting an unlawful debt, leading organized crime, or using proceeds for criminal profiteering.

## EIGHTEENTH DEFENSE

18.     Count V fails as Plaintiffs failed to state facts establishing the elements required under the Washington State Consumer Protection Act, including, but not limited to, facts establishing that the Orenco Defendants engaged in an unfair or deceptive act or that the Orenco Defendants' actions caused Plaintiffs' alleged injuries.

ANSWER TO COMPLAINT BY
DEFENDANTS ORENCO SYSTEMS, INC.
AND HAROLD L. BALL
(3:24-cv-05583-BHS) - 16

**BAKER STERCHI COWDEN & RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

**NINETEENTH DEFENSE**

19. Plaintiffs fail to plead facts sufficient to establish that the Orenco Defendants made

any statements, let alone a false statement, to which the Plaintiffs detrimentally relied on.

**TWENTIETH DEFENSE**

20. Plaintiffs' claims against Defendant Harold L. Ball are barred due to insufficient

service of process.

**TWENTY-FIRST DEFENSE**

21. The Orenco Defendants respectfully reserve the right to amend their Answer to

assert any additional affirmative defenses.

WHEREFORE, having fully answered Plaintiffs' Complaint and having raised affirmative

defenses as forth above, the Orenco Defendants respectfully pray for relief as follows:

1. That Plaintiffs' Complaint against the Orenco Defendants be dismissed with

   prejudice, taxing all costs against Plaintiffs and awarding the Orenco Defendants

   their reasonable attorneys' fees and expenses incurred herein; and

2. That this Court award such other and further relief as is warranted and deemed just

   and proper.

/ / /

/ / /

/ / /

DATED this 10th day of October, 2024.

BAKER STERCHI COWDEN & RICE, LLC

By s/ Robert L. Christie
    ROBERT L. CHRISTIE, WSBA #10895
    Attorney for Defendants Orenco and Ball
    2100 Westlake Avenue N., Suite 206
    Seattle, WA 98109
    Telephone: (206) 957-9669
    Fax: (206) 352-7875
    Email: bob.christie@bakersterchi.com

ANSWER TO COMPLAINT BY
DEFENDANTS ORENCO SYSTEMS, INC.
AND HAROLD L. BALL
(3:24-cv-05583-BHS) - 18

**BAKER STERCHI COWDEN
& RICE, LLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

EXHIBIT 1


# License Agreement

THIS LICENSE AGREEMENT is entered into by and between OnlineRME, LLC, an Oregon limited liability company having its principal place of business at 814 Airway Avenue, Sutherlin, Oregon ("OnlineRME") and eOnsite, LLC, a Washington limited liability company having its principal place of business at 19943 Mosjon Circle, Poulsbo, Washington ("eOnsite").

## *Recitals*

A. WHEREAS, eOnsite is in the business of developing, licensing, and administering a Web-based software and database application for the collection and/or analysis of data associated with onsite wastewater systems in the State of Washington ("eOnsite.net");

B. WHEREAS, eOnsite holds existing contracts and agreements, or leads for new contracts or agreements, with the following Washington Counties: Kitsap, Clark, Island, Skamania, Thurston, Jefferson, Pierce, Clallam, King, and Skagit (collectively, the "10 Washington Counties");

C. WHEREAS, concurrently with the execution of this License Agreement, the principals of eOnsite (Eric Evans and Ed North) and Orenco Systems, Inc., an Oregon corporation ("Orenco"), jointly formed and established OnlineRME to consolidate the software developments of eOnsite and Orenco, and to proliferate online wastewater management tools for regulators, service providers, property owners and manufacturers to a broader base of potential customers outside of the 10 Washington Counties;

D. WHEREAS, as consideration for membership in OnlineRME, Mr. Evans and Mr. North transferred their complete and total ownership interests in eOnsite, including all ownership rights in eOnsite.net, to OnlineRME, excepting eOnsite's contractual or other similar interests with the 10 Washington Counties; and

E. WHEREAS, under the terms of the Agreement to Form OnlineRME, LLC entered into by Orenco, eOnsite, Mr. Evans, and Mr. North on February 23, 2009, the parties thereto agreed that OnlineRME would license the eOnsite.net software and improvements thereon, and use of OnlineRME's network, servers, routers and other hardware, to eOnsite for use in the 10 Washington Counties, for an agreed-upon license fee, provided that OnlineRME and eOnsite shall jointly review and adjust the terms of said license fee on an annual basis, as needed.

## *Terms*

NOW THEREFORE, for and in consideration of the promises and mutual covenants exchanged herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **License.** OnlineRME hereby grants eOnsite an exclusive License to use and sublicense its Web-based software and database application for the collection and/or analysis of data associated with onsite wastewater systems in the 10 Washington Counties during the Term of this License Agreement. Said software and database application shall include the applications formerly known as eOnsite.net and OnlineRME.com, and all improvements thereon.



2. **Use of Hardware.** Pursuant to this License, eOnsite is also hereby authorized to use OnlineRME's network, servers, routers and other hardware for the limited purpose of providing the services listed in the previous Section to the 10 Washington Counties.

   a. **Reasonable Hardware Downtime.** The Parties recognize that said hardware may be unavailable for certain periods due to routine maintenance, system upgrades, backups, and other like activities. OnlineRME hereby agrees that it will use its best good-faith efforts to minimize said downtime. Nevertheless, eOnsite hereby agrees that a reasonable amount of downtime is to be expected and as such will not constitute a material breach of this License Agreement.

3. **Consideration.** As Consideration for the License granted herein, and the use of OnlineRME's hardware in furtherance thereof, eOnsite hereby agrees to pay OnlineRME license fees as follows:

   a. **Initial Payment.** eOnsite shall pay an initial license fee of four thousand dollars ($4,000) prior to the first business day of June 2009.

   b. **Subsequent Payments.** For a period of twelve (12) months thereafter, eOnsite hereby agrees to pay OnlineRME a monthly license fee of one thousand dollars ($1,000) (the "License Fee") prior to the first business day of each calendar month.

   c. **Annual Review and Adjustment of License Fee.** Within thirty (30) days prior to the end of each 12 month period, the Parties hereby agree to review the License Fee, and shall modify or adjust said License Fee for the next 12 month period, as needed, by mutual agreement negotiated in good faith.

   d. **Delinquent Payments.** Payments of the License Fee that are not received by OnlineRME in accordance with the payment terms set forth in Section 3.b above shall be considered past due and shall bear a finance charge of one and one-half percent (1½%) per month. Only if any delinquency becomes greater than one hundred twenty (120) days shall eOnsite be considered in material breach of this License Agreement.

4. **Term.** The term of this License Agreement shall commence on the 15th day of May 2009 (the "Effective Date") and shall continue for a period of ninety (90) years, unless terminated pursuant to Section 5 of this License Agreement.

5. **Termination.** This License Agreement, and all rights granted herein, shall be terminated only as follows:

   a. **Loss of Contracts.** In the event eOnsite no longer holds any contracts or agreements with the 10 Washington Counties, either Party may terminate this License Agreement upon 30-days written notice to the other Party.

   b. **Liquidation or Dissolution.** A Party may terminate this License Agreement immediately and without notice upon the liquidation or dissolution of the other Party.

   c. **Failure to Remedy Default or Breach.** A Party may terminate this License Agreement upon written notice to the other Party if there is a material default, breach, or failure of the other Party to perform any of the obligations, warranties, or representations of this License Agreement, and within sixty (60) days after notice from the non-defaulting Party specifying the nature of the default, the defaulting Party does not cure the default; or, if the default cannot be cured within 60 days, the defaulting Party fails within such time to commence and pursue curative action with reasonable diligence.

6. **Effect of Termination on License.** At the conclusion of the 90-year Term, or in the event eOnsite validly terminates this License Agreement pursuant to Sections 5.b or 5.c above, OnlineRME hereby agrees to transfer a non-revocable, unlimited license to use and sublicense within the 10 Washington Counties the latest revision of the software and database application to eOnsite in perpetuity without further consideration. This provision shall ensure that eOnsite may

continue to honor its contracts and agreements with the 10 Washington Counties in the event OnlineRME liquidates, dissolves or fails to remedy a material default or breach of this License Agreement.

7.  **Indemnification of OnlineRME.**  eOnsite hereby agrees to defend OnlineRME at its cost and expense, and shall indemnify and hold OnlineRME and its members, directors, officers, employees and agents harmless from and against any and all actions, claims, suits, damages or expenses, including reasonable investigation and litigation costs, that OnlineRME may incur in defending any proceedings in which the damage sustained arose from:

    (i)   Use of the licensed software in any of the 10 Washington Counties;

    (ii)  Any breach by eOnsite of any of its representations and obligations pursuant to this License Agreement; or

    (iii) The negligent or willful misconduct of eOnsite.

8.  **Limitation of Liability.**  NOTWITHSTANDING ANYTHING CONTAINED IN THIS LICENSE AGREEMENT TO THE CONTRARY, IN NO EVENT SHALL ONLINERME BE LIABLE FOR ANY INCIDENTAL, CONSEQUENTIAL, SPECIAL, PUNITIVE, OR INDIRECT DAMAGES OF ANY KIND INCLUDING, BUT NOT LIMITED TO, LOSS OF PROFITS, FINES, PENALTIES OR LAWSUITS BY THIRD PARTIES AGAINST EONSITE.

9.  **Intellectual Property.**

    a.  **Use of Intellectual Property.**  eOnsite is hereby authorized and permitted to use OnlineRME's software and database applications, name, marketing tools including flyers, brochures, Web sites, presentations and videos, other Intellectual Property, and any Derivative Works thereof, during the Term and for the limited purpose of servicing the 10 Washington Counties under the terms of this License Agreement.

    b.  **Ownership of Intellectual Property.**  Notwithstanding the previous paragraph, all OnlineRME Intellectual Property, including the eOnsite.net and OnlineRME.com software code and database structures are, and shall continue to be, the exclusive property of OnlineRME, and nothing in this License Agreement shall be interpreted as granting any rights to any patent, copyright, trade secret or trademark of OnlineRME, whether registered or not, except as expressly granted.

    c.  **Ownership of Derivative Works.**  In addition, any future developments or Derivative Works, which constitute an alteration, modification or improvement of any OnlineRME Intellectual Property, shall be the exclusive property of OnlineRME.

        (i)  **Definitions.**  "Derivative Works" as used in this License Agreement shall mean: (a) for copyrightable or copyrighted material, any translation, abridgement, revision, or other form in which an existing work may be recast, transformed, or adapted; (b) for patentable and patented material or product, any improvement thereon; and (c) for material or product which is protected by trade secret, any new material or product derived from such existing trade secret material or product, including new materials or products which may be protected by copyright, patent, and/or trade secret.

    d.  **Duty to Protect.**  eOnsite hereby agrees to protect OnlineRME's Intellectual Property using no less than a reasonable standard of care.

10. **Confidentiality.**  Each Party agrees to hold all Confidential Information it receives from the other Party in trust and confidence, shall use the other Party's Confidential Information only to further the purposes of this License Agreement, and shall protect the other's Confidential Information by using the same degree of care with respect to the Confidential Information it receives, that it would exercise with respect to its own confidential information or trade secrets, but in any event, no less than a reasonable standard of care. In particular, each Party agrees that it will not, without the other Party's prior written consent, make the other Party's Confidential Information available

to or otherwise divulge, permit access to, or convey, whether intentionally or inadvertently, such information to third parties, copy any record containing or referring to the other Party's Confidential Information, regardless of whether such record is designated as confidential, or disassemble, reverse engineer, or replicate in any way products embodying the other Party's Confidential Information.

a. **Definitions.** "Confidential Information" as used in this License Agreement shall mean all information owned or controlled by the other Party or its affiliates that the other Party makes reasonable efforts to protect from disclosure to third parties, whether disclosed before or after the Effective Date of this License Agreement, and regardless of the medium or media on which such information is stored, recorded, conveyed, or communicated, including, but not limited to: (i) ideas for research and development; (ii) software code and database structures; (iii) inventions, whether or not patentable; (iv) price lists; (v) market research; (vi) identities of customers and suppliers; (vii) human resources data and information about employees; (viii) cost, profit, and other financial data; (ix) trade secrets; (x) legal documents and contracts; and (xi) any information to which the Party has access while on the other Party's business premises.

Such Confidential Information is valuable to the disclosing Party, and not generally known or ascertainable through proper means by competitors or other industry participants. Confidential Information also includes proprietary or confidential information of any third party as to which the other Party has undertaken nondisclosure obligations to such third parties.

b. **Exceptions.** The obligations described in this Section shall not apply to information which:

(i) was received by the Party from a third party who did not violate any agreement or duty or applicable law in disclosing such information;

(ii) becomes a part of the public domain without breach of this Section and through no act or omission of the Party;

(iii) was independently developed by the Party, and recorded in writing prior to the date of any access or exposure to the Confidential Information; or

(iv) is legally required to be disclosed in the event a Party becomes subject to a subpoena, an order compelling discovery, or some other order that calls for the production of records containing Confidential Information, issued by a court or other governmental body with valid jurisdiction. In such event, the Party shall immediately notify the other Party of the terms of the subpoena or order, and of the circumstances surrounding its issuance, consult in good faith with the other Party regarding possible responses to the order and if requested, make best efforts to narrow the scope of the order, obtain a protective order from the court, or produce documents to the court under seal with appropriate instructions regarding preservation of the confidentiality of the information; and, if disclosure is required to prevent the Party from being subjected to contempt sanctions or other penalties, to disclose only the Confidential Information which, in the written opinion of counsel satisfactory to the other Party, it is legally compelled to disclose, consistent with a reasonable interpretation of the order or subpoena.

c. **Disclosure to Employees and Consultants.** Each Party further agrees to limit the use and disclosure of the other Party's Confidential Information to those of its employees or consultants who have a need to know to further the purposes of this License Agreement, and certifies that such employees and consultants have previously agreed, either as a condition of employment or in order to obtain the other Party's Confidential Information, to be bound by terms and conditions substantially similar to those of this Section.

d. **Duration; Survival.** The duration of the confidentiality obligations contained in this Section shall be for the term of this License Agreement and for five (5) years thereafter, and the obligations of the Parties shall survive indefinitely with respect to any Confidential Information constituting a trade secret under applicable law.

e. **Return of Confidential Information.** Upon termination of this License Agreement for any reason each Party agrees to, within ten (10) business days, (i) return to the other Party every copy of confidential documents and all tangible material embodying or containing the other Party's Confidential Information, or (ii) destroy every copy of confidential documents and all tangible material embodying or containing the other Party's Confidential Information and deliver to the other Party a written statement signed by a duly authorized representative certifying the same.

11. **Relationship of the Parties.** The Parties shall at all times be independent contractors and each agrees to so represent themselves to all third parties. Nothing in this License Agreement shall be construed to render any Party the employer or employee of the other Party, the agent or principal of the other Party, or a joint venturer or member of the other Party. Neither Party has granted to the other Party the right to bind it in any manner whatsoever, to exercise control of the other Party, or to conduct the other Party's business, except as expressly set forth in this License Agreement.

12. **Miscellaneous.**

a. **Notices.** All notices and other communications under this License Agreement must be in writing. Such notices shall be deemed to have been given if delivered personally, mailed by United States Post, delivered by an overnight delivery service (with confirmation), or sent by facsimile (with confirmation) or e-mail (with confirmation) to the Parties at the addresses on the signature page hereof (or at such other address as the Party may designate by like notice to the other Party). Any notice or other communication shall be deemed given (i) on the date of personal delivery, (ii) at the expiration of the third day after the date of deposit in the United States Post, or (iii) on the date of confirmed delivery by overnight delivery service, facsimile or e-mail.

b. **Counsel.** Each of the Parties acknowledges that they have been represented, or have had the opportunity to be represented, by legal counsel in connection with the preparation and execution of this License Agreement. The rule of construction that a written agreement is construed against the Party preparing or drafting the agreement shall not apply to the interpretation of this License Agreement.

c. **Entire Agreement.** This License Agreement constitutes the entire agreement of the Parties with respect to the subject matter hereof, and supersedes all previous agreements by and between the Parties with respect to the subject matter of this License Agreement, as well as any and all proposals, oral or written, and all negotiations, conversations or discussions heretofore had between the Parties related to said subject matter.

d. **Assignment.** No Party shall have the right to assign or otherwise transfer its rights and obligations under this License Agreement except with the prior written consent of the other Party. Any prohibited assignment shall be null and void.

(i) **Binding Effect.** This License Agreement shall be binding upon and inure to the benefit of any successor or assign of the Parties, provided that the transfer of the rights and obligations of this License Agreement have been validly transferred to such successor or assign under the terms of this Section.

e. **Governing Law.** The laws of the State of Oregon shall govern this License Agreement, together with all rights, obligations, and disputes arising out of or related thereto.

f. **Forum; Venue.** Any dispute or legal action arising out of or relating to this License Agreement shall be brought in and decided by state courts of Oregon. In any such dispute or action, the Parties hereby consent to the jurisdiction and venue of the Circuit Court of the State of Oregon for Douglas County.

g. **Remedies.** Both Parties hereby acknowledge that, in the event of a material breach of this License Agreement, the other Party would be substantially or irreparably harmed, and that such harm may not be susceptible to accurate measurement. Accordingly, the Parties agree that the non-breaching Party, in addition to seeking recovery of monetary damages and other remedies available at law to compensate for a breach, shall be entitled to seek and obtain preliminary and permanent injunctive relief to prevent a breach or threatened breach, without showing or proving that any monetary damage has been sustained.

h. **Investigation and Litigation Costs.** If any suit, action or proceeding is instituted by a Party to enforce any right or remedy under this License Agreement, the prevailing Party shall be entitled to recover from the other Party its investigation and litigation costs, including reasonable attorneys' fees, whether incurred before, during, or after a trial, or before, during, or after an appeal.

i. **Severability.** If any clause or provision of this License Agreement is or becomes illegal, invalid, impossible to perform, or unenforceable under present or future laws effective during the term of this License Agreement, the Parties intend that the remainder of the License Agreement shall continue in force and shall not be affected. The Parties intend that in lieu of each clause or provision of this License Agreement that is or becomes illegal, invalid, impossible, or unenforceable, there be added as part of this License Agreement a clause or provision as similar in terms as may be possible, legal, and enforceable.

j. **Authorization and Execution.** By executing this License Agreement, each Party represents and warrants to the other Party that: (i) the entry into and execution and performance of this License Agreement has been fully and duly authorized by all required corporate action, and (ii) the person signing this License Agreement on behalf of a Party has been fully authorized by all required corporate action to execute this License Agreement on behalf of the Party for which such person is signing.

IN WITNESS WHEREOF, the Parties have caused this License Agreement to be executed by the undersigned on this, the 15th day of May 2009.

**ONLINERME**

ONLINERME, LLC
814 Airway Avenue
Sutherlin, Oregon 97479

_Cl//, LBU_
Authorized Signature

_Jeffrey L. Ball / Member_
Print Name/Title

_15 May 09_
Date

**EONSITE**

EONSITE, LLC
19943 Mosjon Circle
Poulsbo, Washington 98370

_E 4_
Authorized Signature

_Eric Evans / President_
Print Name/Title

_5/15/09_
Date