UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GRIZZLY GENERAL CONTRACTORS CORP. et. al., | CASE NO. CV24-5583 |
| Plaintiff, | ORDER |
| v. | |
| KITSAP PUBLIC HEALTH DISTRICT, et. al., | |
| Defendant. | |

This matter is before the Court on plaintiff Grizzly General Contractors Corp.'s (Grizzly's) motion for reconsideration, Dkt. 43, of the Court's Order, Dkt. 41, granting the defendants' motions for dismissal, Dkts. 22, 23. In its Order, the Court determined that because Grizzly lacks standing, the Court lacked subject matter jurisdiction and it therefore dismissed the case without prejudice. It did so without leave to amend because Grizzly cannot allege facts to resolve its lack of injury for standing or render its claims plausible under Rule 12(b)(6). Dkt. 41 at 3.

1    Grizzly argues the Court committed manifest error several times over. Its motion

2  is egregiously overlength,[1] and the arguments are often difficult to comprehend, but boil

3  down to the following. First, it argues that the Court impermissibly dismissed the

4  complaint against Orenco Systems "sua sponte" even though that defendant did not file

5  or join a motion to dismiss. Dkt. 43 at 14. Grizzly argues this violates Rule 12 and denied

6  it a chance to "respond to any concerns the Court may have had regarding the sufficiency

7  of its claims against Orenco." *Id*. at 12. It argues further that the Court should have

8  granted it leave to amend its complaint against Orenco and the rest of the defendants

9  because it potentially could have cured the defects identified in the Order. *Id.*

10   The rest of its motion largely repeats the arguments it made to oppose the motions

11  to dismiss, but not infrequently raises new factual allegations or legal arguments for the

12  first time. It argues the Court's standing analysis constitutes manifest error because

13  Grizzly sustained concrete injuries, including "changes in employment or living

14  arrangements, and suspension of licenses and non-payment and interference with contract

15  expectancies," and raises new injuries for the first time: "wasted time, missed credit

16  opportunities, and emotional distress." *Id*. at 15. It asserts its "financial losses and

17  suspension are undisputed and sufficient" for standing. *Id*. at 15.  It again attempts to

18  manufacture standing by asserting a "commonality of injuries" with Kitsap septic owners

19  who it asserts unfairly are made to pay the contract fee when they already pay taxes that

20

21        [1] Local Civil Rule 7(e)(1) imposes a 2,100-word limit, and Grizzly's motion is
approximately 5,600 words, and it failed to certify its word count. Although the Court could
22  justifiably refuse to consider the motion, it exercises its discretion to consider it in its entirety.

already fund the Environmental Health Program. *Id*. at 5–6. And it asserts the Court erred in taking judicial notice of the contract between Kitsap Public Health and EOnsite and that it impermissibly "dismissed all defendants" based on that contract. *Id*. at 6.

It argues the Court erred in dismissing its Trafficking Victims Protection Act (TVPA), 18 U.S.C. §1595 claim because defendants committed a "per se violation of the TVPA" by threatening to suspend septic inspector licenses and compelling them to "perform acts" on behalf of the health district. *Id*. at 16.

It argues its Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1964*, et. seq.* claim should have survived dismissal because "Defendants actions involve embezzlement and fraud, as they are using their official position to coerce payments from state residents under false pretenses or threats against Septic Inspectors" and, contrary to the Court's analysis, this constitutes an enterprise and "meet[s] the criteria for racketeering activity under RICO." *Id*. at 17–18.

Grizzly also raises entirely new legal claims. It asserts that when OnlineRME locks septic inspectors out of the portal for failing to submit the contract fee, the lock outs violate the Federal Fair Debt Collection Practices Act and the Fourth Amendment "for unlawful seizure of property" without due process. *Id*. at 7.

Under this District's local rules, motions for reconsideration are disfavored and will ordinarily be denied absent a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Local Rules, W.D. Wash., LCR 7(h)(1). The term "manifest error" is "[a]n error that is plain and indisputable, and that amounts to a complete disregard of

1    the controlling law or the credible evidence in the record." *Black's Law Dictionary* 622

2    (9th ed. 2009).

3          Reconsideration is an "extraordinary remedy, to be used sparingly in the interests

4    of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*,

5    229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted,

6    absent highly unusual circumstances, unless the district court is presented with newly

7    discovered evidence, committed clear error, or if there is an intervening change in the

8    controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d

9    873, 880 (9th Cir. 2009). Mere disagreement with a previous order is an insufficient basis

10   for reconsideration, and reconsideration may not be based on evidence and legal

11   arguments that could have been presented at the time of the challenged decision. *Haw.*

12   *Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or

13   not to grant reconsideration is committed to the sound discretion of the court." *Navajo*

14   *Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041,

15   1046 (9th Cir. 2003).

16         Grizzly falls well short of its burden to show that the Court committed clear error.

17   Its argument that the Court erred by dismissing claims against Orenco because the

18   Orenco did not file a motion to dismiss flouts fundamental law on subject matter

19   jurisdiction. The Court determined that Grizzly lacked a sufficient injury for standing in

20   all of its claims. Dkt. 41 at 7–9. The absence of a separate motion to dismiss from Orenco

21   does not create a substantive case or controversy where one does not otherwise exist. And

22   contrary to Grizzly's argument it lacked an opportunity to "respond to concerns any

1    concerns the Court may have had regarding the sufficiency of its claims against Orenco,"

2    Grizzly does not assert any claims unique to Orenco, and it had ample opportunity to

3    resolve the standing issues identified in the motions to dismiss but failed to do so. Once

4    the Court reached the conclusion that Grizzly lacked standing, it lacked jurisdiction and

5    Federal Rule of Civ. P. 12(h)(3) required it to dismiss the case. Grizzly's motion for

6    reconsideration on this point is **DENIED**.

7         Grizzly's argument that the Court improperly denied it leave to amend also fails.

8    Where, as here, the defects "could not possibly be cured by the allegation of other

9    facts[,]" then the decision to not grant leave to amend is proper. *Cook, Perkiss & Liehe,*

10   *Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). Nothing in Grizzly's

11   motion credibly suggests that it could cure the many defects in its claims articulated in

12   the Order. Grizzly's motion for reconsideration on this point is **DENIED**.

13        Grizzly's argument that the Court committed clear error in its standing analysis is

14   unavailing. Its motion does not decipher the math behind, or nature of, the injuries

15   alleged in the complaint. Furthermore, its assertion that its "financial losses and

16   suspension are undisputed," Dkt. 43 at 15, is demonstrably false. The parties vigorously

17   dispute the existence of Grizzly's alleged financial losses,[2] and the Court remains

18   persuaded that none exist. As for the injuries Grizzly raises for the first time in its

19   reconsideration motion, "wasted time, missed credit opportunities, and emotional distress"

20   and its assertion that it pays monthly to maintain a separate account for the contract fee,

21   _____

22        [2] *See, e.g.,* Dkt. 45, Kitsap opposition to reconsideration, at 3–4 (disputing existence of injuries sufficient for standing).

the Court cannot consider them. Dkt. 43 at 5, 15; *Haw. Stevedores, Inc.*, 363 F. Supp. 2d at 1269.

Grizzly's attempt to fabricate standing by asserting a "commonality of injury" with Kitsap County septic owners fails. Dkt. 43 at 5–6. It asserts for the first time that plaintiffs William and Stephanie Gonzales are septic owners. *Id*. at 6. It failed to raise that point and many of its tax arguments in opposition to dismissal and cannot do so now. Grizzly's motion for reconsideration of the Court's ruling on standing is **DENIED.**

Grizzly's argument that the Court's consideration of the contract between Kitsap public Health and EOnsite was clear error fails. Grizzly's argument on this point is unclear. It incorrectly asserts that the Court dismissed all defendants based on the contract. The Court dismissed the case because Grizzly lacked standing. Dkt. 41 at 8–9. It took judicial notice of the contract for the narrow purpose of showing that KPHD did not pay to utilize EOnsite. *Id.* at 5. Grizzly presents no credible evidence to disprove that point. And it fails to address let alone disprove well-settled case law that permits the Court to take judicial notice of matters of public record without converting a Rule 12 motion into a Rule 56 motion. *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2011). Its motion for reconsideration on this point is **DENIED**.

Grizzly's arguments urging the Court to reconsider dismissal of the TVPA claims are a similar mix of unpersuasive and unpermitted. Grizzly fails to cure the defects identified in the Order, including the fact that submitting the reports and fees is plainly voluntary and thus fall outside the protections of the TVPA. It also raises a new and thus unpermitted arguments that that the threat to suspend septic inspector's licenses is an

abuse of the legal system and "per se" violation of the TVPA. Grizzly's motion for reconsideration on its TVPA is **DENIED.**

Grizzly fails to identify any manifest error in the Court's dismissal of its RICO claims. Its motion did not rectify the defects identified in the Order, including the failure to establish an enterprise. Instead, Grizzly emphasizes that the only connection between the defendants was the alleged embezzlement. As is explained in the Court's Order, Dkt. 41 at 11, this is insufficient to establish an enterprise. Grizzly raises no credible authority to the contrary and its motion for reconsideration of its RICO claims is **DENIED**.

Finally, Grizzly's attempt to raise Fourth Amendment and Federal Fair Debt Collection Practices Act claims for the first time is not permitted and the Court does not consider its arguments. *Haw. Stevedores, Inc.*, 363 F. Supp. 2d at 1269.

## I.    ORDER

Therefore, it is hereby **ORDERED** that Grizzly's motion for reconsideration, Dkt. 43, is **DENIED**. This case remains closed.

Dated this 4th day of March, 2025.

BENJAMIN H. SETTLE
United States District Judge